## CITY OF LAWTON v. AYRES.

No. 3366.    Opinion Filed March 24, 1914.

(139 Pac. 963.)

1.    APPEAL AND ERROR—Recognition of Judgment—Waiver. Any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom or to bring error to reverse it.

2.    SAME. A funding proceeding by a municipal corporation for the purpose of funding its warrant and judgment indebtedness, pursuant to the laws of this state, wherein a judgment against it is included, which culminates in an issue of bonds for funding such indebtedness, constitutes a recognition of the validity of such judgment and operates as a waiver to appeal therefrom or to bring error to reverse it.

(Syllabus by the Court.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by Charles H. Ayres against the City of Lawton. Judgment for plaintiff, and defendant brings error. Dismissed.

*Charles C. Black* and *McElhoes, Ferris & Rhinefort,* for plaintiff in error.

*Stevens & Myers,* for defendant in error.

KANE, J. This was an action for damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Upon trial to a jury, there was a verdict for the plaintiff, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

A preliminary question decisive of the cause is presented by counsel for defendant in error by a motion to dismiss the appeal. It seems that subsequent to the rendition of the judgment against it, the City of Lawton commenced a proceeding for the purpose of funding its warrant and judgment indebtedness, wherein it included the judgment herein as one of the items of valid indebtedness against it; that said funding proceeding culminated in a bond issue which was approved by the Attorney General, as required by law, in which said judgment was included as one of the items funded. The contention of the movant is that this proceeding constitutes a recognition on the part of the city of the validity of the judgment rendered against it, and a waiver of its right to appeal therefrom or to bring error to reverse it. We think this position is well taken. The rule is, "that any act on the part of the defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom, or to bring error to reverse it." 2 Cyc. 656. It is difficult to conceive a more solemn recognition by a municipality of the validity of a judgment rendered against it than is involved in a proceeding to fund the same, under our statute. Section 363, Rev. Laws 1910, provides for notice of the issuance of such funding bonds, and also provides that no such bonds shall be signed by the judge until the notice shall be published for at least ten days. Section 364, *Id.,* provides that on the day named

City of Lawton v. Ayres.

in the notice the municipal officers authorized to fund such indebtedness shall go before the district court and make proof to the satisfaction of the court of the existence, character and amount of the outstanding legal indebtedness of the municipality; and that upon such proof being made, the court shall cause to be made on the records of the court a statement and finding to that effect, and shall then, in open court, proceed to sign each bond to be issued. Proceedings conducted by virtue of these statutes are judicial in their nature. *State ex rel. Board of Education v. West, Atty. Gen.,* 29 Okla. 503, 118 Pac. 146. By the terms of the statutes under which they are conducted, the debt sought to be funded must not only be recognized as a legal debt by the municipality seeking to fund the same, but proof to that effect to the satisfaction of the court also must be made, and its legality judicially passed upon before the funding bonds may be issued. And this is not all: Section 377, Rev. Laws 1910, requires the Attorney General, as bond commissioner, to examine into and pass upon any bond so issued; and that such bonds, when declared by the certificate of the Attorney General to be issued in accordance with the form of procedure so provided, shall be incontestable in any court in the state of Oklahoma, unless suit thereon shall be brought in a court having jurisdiction of the same within 30 days from the date of the approval thereof by the bond commissioner.

We think the motion to dismiss ought to be sustained. It is so ordered.

All the Justices concur.