## YATES v. YATES.

No. 8236. Opinion Filed September 12, 1916.

(159 Pac. 1107.)

### Divorce—Right to Appeal—Estoppel.

Plaintiff instituted an action for divorce and alimony. The trial court refused plaintiff a divorce, but granted defendant a divorce upon his cross-petition, and at the same time allowed plaintiff alimony. The defendant paid the alimony to the clerk, and the same was paid over to the attorney for plaintiff. Held, after having voluntarily accepted the alimony money paid in on the judgment, plaintiff is estopped from further prosecuting her appeal from said judgment.

(Syllabus by Mathews, C.)

Error from Superior Court, Pottawatomie County; Leander G. Pitman, judge.

Action by Georgia Bell Yates against J. W. Yates. Judgment for defendant, and plaintiff brings error. Appeal dismissed.

H. H. Smith, for plaintiff in error.

Baldwin & Carlton and W. T. Williams, for defendant in error.

Opinion by MATHEWS. C. This was an action for divorce and alimony. Upon the trial being had, the court refused plaintiff's prayer for a divorce, but granted a divorce to defendant upon his cross-petition. The court also allowed plaintiff alimony in the sum of $500, and the further sum of $150 for her attorney, and provided that the amount theretofore allowed for temporary alimony be deducted from the amount therein allowed, and that the balance be paid to the clerk for the use and benefit of the

plaintiff. The plaintiff took an appeal from the overruling of her motion for a new trial, and the same was perfected and filed in this court.

Defendant has now filed a motion to dismiss this appeal, and as a basis therefor files an affidavit made by the court clerk of Pottawatomie county, to the effect that on December 28, 1915, after the court had rendered his decree in this cause, the defendant paid into the hands of said clerk the sum of $450, for the use of the plaintiff, and that on December 30, 1915, the plaintiff through her attorney was paid out of said money the sum of $445.50, being the balance due on said alimony judgment. After having voluntarily accepted the money paid in on the judgment for her use and benefit, it follows that she is estopped from prosecuting her appeal from the judgment.

The appeal should therefore be dismissed.

By the Court: It is so ordered.