**LOHR & TRAPNELL et al. v. H. W. JOHNS-MANVILLE CO. et al.**

No. 6435—Opinion Filed June 12, 1917.

(166 Pac. 124.)

(Syllabus by the Court.)

**Appeal and Error—Persons Entitled to Appeal—Recognition Judgment.**

Plaintiff, J. M. Co., sued defendants in the superior court of Muskogee county on ac-

count for material furnished L. and T., subcontractors, and secured a judgment for $800 against the trustee in bankruptcy of L. and T., and against the T. B. Co., the contractor, and the Southern Surety Company as surety on the bond, and they appealed. While the same was pending, the trustee in bankruptcy of L. and T. sued the T. B. Co. and another surety company in another court on a claim for a greater amount than T. B. Co. owed L. and T., whereupon the T. B. Co. pleaded and was allowed the amount of said judgment as a set-off against the claim of L. and T., and judgment was rendered against said T. B. Co. in said action in favor of L. and T., for the balance of their claim, which judgment the T. B. Co. paid. Held, that the validity of the judgment appealed from was so far recognized by defendants L. and T. and the T. B. Co. as to constitute a waiver of their appeal, and the appeal will be dismissed as to them. Held, further, that the appeal will not be dismissed as to the Southern Surety Company upon motion of defendants in error, for the reason that said surety company was not a party to the case in which said judgment was pleaded and allowed as a set-off.

Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.

Action by the H. W. Johns-Manville Company, a corporation, against Lohr & Trapnell, a partnership, the Texas Building Company, a corporation, and the Southern Surety Company, a corporation. There was a judgment for plaintiffs, and defendants bring error. On motion to dismiss. Motion sustained as to Lohr & Trapnell and the Texas Building Company, but overruled as to the Southern Surety Company.

C. G. Hornor, John D. Chappelle, Benjamin & Villard Martin, and William T. Hutchings, for plaintiffs in error.

Wm. O. Beall, John H. Mosier, and Irwin Donovan, for defendants in error.

TURNER, J. On December 3, 1910, in the superior court of Muskogee county, H. W. Johns-Manville Company, a corporation, sued Lohr & Trapnell, a copartnership, the Texas Building Company, a corporation, the Southern Surety Company, a corporation, and the board of education of the city of Muskogee, to recover for certain plumbing, heating, and water connections and fixtures used by the Texas Building Company in the construction of a high school building in the city of Muskogee as per contract with the board of education of said city. It is alleged that said Texas Building Company sublet a part of the construction work to said Lohr & Trapnell, to wit, the plumbing, installation of heating plant, water pipes, sewer connection, fittings, etc.; that said material was used in the construction of said building, and that

there remained due and payable to plaintiff $755.04. It further alleged that the board of education of the city of Muskogee had in its hands certain moneys due the original contractor, the Texas Building Company, to which they were entitled, and prayed judgment against defendants, and for an order directing said board of education to pay to plaintiff the amount sued for, if they still retained any money due said defendant the Texas Building Company. On March 9, 1911, Lohr & Trapnell were adjudged bankrupts. After separate answers filed by the Texas Building Company, Southern Surety Company, the board of education, and L. W. Baxter, as trustee in bankruptcy of Lohr & Trapnell, the cause was tried to the court, and judgment entered against Lohr & Trapnell for $800.34, and against the Texas Building Company and the Southern Surety Company for said amount and for costs, and judgment in favor of the board of education of the city of Muskogee for its costs.

It is urged that this appeal should be dismissed, for the reason that plaintiffs in error are estopped from prosecuting the same, for the reason that they have recognized the validity of the judgment entered against them in this cause on November 21, 1913, by having pleaded the same in an action in the district court of Logan county, and having accepted as conclusive and final the judgment of said district court of Logan county, wherein the judgment in the instant case was allowed as a set-off to the claim of the trustee in bankruptcy of Lohr & Trapnell, bankrupts, against the Texas Building Company, and settlement accepted by the trustee in said Logan county case, and that the proof and allowance of said debt in the bankruptcy court constitutes an adjudication of the validity of said claim and indebtedness, from which this appeal is prosecuted. This contention must be sustained as to plaintiffs in error Lohr & Trapnell and the Texas Building Company.

From the uncontroverted facts stated in the motion to dismiss this appeal, it is shown that L. W. Baxter, trustee in bankruptcy of Lohr & Trapnell, on July 1, 1911, in the district court of Logan county, sued the Southwestern Surety Insurance Company and the Texas Building Company, and in his amended petition, filed January 23, 1913, he alleged that the Texas Building Company entered into a contract in writing with said Lohr & Trapnell, wherein it was agreed that said Lohr & Trapnell would furnish and install all the heating, ventilating, gas-fitting, and plumbing and drain pipes inside the said Muskogee high school building, the construction of which had been let by said board of

education to 'the Texas Building Company; that for the installation of said fixtures they were to receive $28,250, to be paid by the Texas Building Company; that their work was completed and accepted by said board of education and by the architect in charge thereof; that said Texas Building Company was still due them on said contract $3,645; that said Building Company further agreed to pay to said Lohr & Trapnell $544.79 for putting in a storm sewer, which said sewer was installed as per contract; that Lohr & Trapnell did certain other extra work for which said Building Company agreed to pay them $315; that certain other work was done in completing certain water connections, gas mains, etc., to the amount of $767.41, for which the Texas Building Company agreed to pay; that the Southwestern Surety Insurance Company had executed their bond to the Texas Building Company for the faithful performance of said contract of constructing said high school building; and they prayed for judgment against the Texas Building Company and the Southwestern Surety Insurance Company for $5,272.10 and for costs. To said petition the Texas Building Company and the Southwestern Surety Insurance Company filed their amended answer, wherein it is alleged:

"That on December 10, 1910, the said H. W. Johns-Manville Company brought suit in the Superior court of Muskogee county, Oklahoma, on account, to recover said sum against Lohr & Trapnell, the Texas Building Company, the Southern Surety Company, and the board of education of the city of Muskogee. That all of said defendants appeared and answered in said cause, and the plaintiff in this cause, L. W. Baxter, trustee of Lohr & Trapnell, bankrupts, also filed an answer in said cause and defended against said claim. That such proceedings were had in said causes as that by the order and judgment of said court, made and entered on the 21st day of November, 1912, the said H. W. Johns-Manville Company recovered judgment against the Texas Building Company and the Southern Surety Company on the bond given as aforesaid in the sum of $800.34 for work and material sold by the plaintiff in said cause to Lohr & Trapnell and used in said building. That said judgment is still in full force and effect, and will have to be paid by the Texas Building Company and its surety on said bond."

And they asked that said judgment be allowed as a set-off to any sum that might be found to be due said trustee in bankruptcy of Lohr & Trapnell by said Texas Building Company, with interest thereon from said November 21, 1913, which was done. And on March 20, 1914, said court, after allowing the set-off, rendered judgment in favor of L. W. Baxter, trustee for said Lohr & Trap-

nell, bankrupts, for $1,168.69, and against the Southwestern Surety Insurance Company, as surety on the bond of said Texas Building Company, and against the Texas Building Company and in favor of said Surety Company for said amount. It further appears that no appeal from said judgment was prosecuted, and that same has become final and has been fully satisfied.

There can be no question but that the judgment procured by the H. W. Johns-Manville Company, in the superior court of Muskogee county, and the subject of this appeal, was pleaded by the Texas Building Company in the suit in the Logan county district court, brought by L. W. Baxter, as trustee in bankruptcy of Lohr & Trapnell, for the recovery of money he claimed was due them; that said judgment was valid, and that the Texas Building Company was allowed credit for said amount on the theory that it would have to pay the judgment rendered in the instant case; and that by failure to appeal therefrom by said trustee in bankruptcy of Lohr & Trapnell, and the acceptance of said judgment on April 29, 1914, the said judgment is res adjudicata as to all parties to this appeal, except the Southern Surety Company, who was not a party to said proceedings, and that they have waived their right to appeal from the judgment entered in the instant case by pleading the same as a set-off in the Logan county case.

The case of City of Lawton v. Ayres, 40 Okla. 524, 139 Pac. 963, is squarely in point. In that case the action was for damages for personal injuries, and there was judgment in favor of plaintiff. After the judgment had been rendered against the city of Lawton, said city commenced a proceeding for the purpose of funding its warrant and judgment indebtedness, wherein it included the judgment rendered in the above case as one of the items of valid indebtedness against it. A bond issue was voted and approved by the Attorney General as required by law, in which said judgment was included as one of the items funded. It was contended in the motion to dismiss that by such proceedings the city of Lawton had recognized the validity of said judgment rendered against it and thereby waived its right to appeal therefrom, or to bring error to reverse the judgment. The court, in sustaining such contention, said:

"The rule is 'that any act on the part of the defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom, or to bring error to reverse it.' 2 Cyc. 656. It is difficult to conceive a more solemn recognition by a municipality of the validity of a judgment rendered against it than is involved

in a proceeding to fund the same, under our statute. * * * We think the motion to dismiss ought to be sustained. It is so ordered."

And in Barnes v. Lynch, 9 Okla. 11, 59 Pac. 995, the court said:

"No rule is better settled than that the right to appeal may be waived by acts of the party which are inconsistent with the assertion of that right. A party who voluntarily acquiesces in or ratifies, either partially or in toto, a judgment against him, cannot appeal from it."

We are therefore of opinion that the motion to dismiss the appeal should be sustained as to plaintiffs in error Lohr & Trapnell and the Texas Building Company. But the motion to dismiss will be overruled as to plaintiff in error the Southern Surety Company, for the reason it was not a party to the case in the Logan county district court in which the judgment in this case was pleaded and allowed as a set-off. Cornell v. Donovan, 14 Daly (N. Y.) 292.

All the Justices concur.