**INGRAM et al. v JOHNSON et al.**

No. 5934—Opinion Filed Nov. 19, 1918.

(176 Pac. 241.)

(Syllabus.)

1. **Appeal and Error—Waiver of Appeal—Effect.**

Any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom or to prosecute error to reverse it.

2. **Attorney and Client — Lien—Settlement by Parties—Dismissal.**

Where parties to a judgment in the trial court settle their controversy after the case is appealed to this court, the appeal will be dismissed notwithstanding the attorneys for defendants have a contract for a contingent fee and the settlement was had without their consent.

3. **Contingent Fee — Liability of Client — Statute.**

Where the party to any action, whose interest is adverse to the client contracting

with an attorney for a contingent fee, settles or compromises the cause of action or claim without a satisfaction of the attorney's claim, such adverse party shall thereupon become liable to such attorney for the fee due or to become due under his contract of employment to the extent of reasonable compensation for all services performed by him in connection with said action. Section 249, Rev. Laws 1910.

Error from District Court, Carter County; Stilwell H. Russell, Judge.

Action for injunction by Roy M. Johnson and others against W. R. Ingram and others. Judgment for plaintiffs, and defendants bring error. Appeal dismissed.

Warren K. Snyder and H. G. McKeever, for plaintiffs in error.

R. A. Hefner, L. S. Dalmon, and Cruce & Potter, for defendants in error.

OWEN, J. This action was brought by defendants in error, in the district court of Carter county, to enjoin plaintiffs in error from interfering with the possession of certain described premises held under oil and gas leases. The controversy was between the different lessees of the owners of the land. After the appeal was filed in this court, the lessees compromised the controversy and joined in a motion to dismiss the appeal. The attorneys for one of the lessors objected to the dismissal for the reason that they had contracted for a fee contingent upon the cancellation of the leases in controversy and the settlement was made without their consent.

It appears from the motion that the lessor for whom these attorneys appeared recognized the validity of the judgment of the lower court by accepting the royalties and rentals payable under the leases. This operates as a waiver to prosecute error to reverse that judgment. Lohr & Trapnell v. Johns-Manville Co., 64 Okla. 79, 166 Pac. 124; City of Lawton v. Ayres, 40 Okla. 524, 139 Pac. 963.

The attorneys cannot be heard to object to a dismissal of the appeal for the sole reason that they had a contract with one of the defendants below for a contingent fee. Section 249, Rev. Laws 1910:

"Should the party to any action or proposed action, whose interest is adverse to the client contracting with an attorney, settle or compromise the cause of action or claim wherein is involved any lien as mentioned in the preceding sections hereof, without a satisfaction of the attorney's claim, such adverse party shall thereupon become liable to such attorney for the fee due him or to become due him under his contract of employment, to the extent of reasonable compensation for all services performed by him in connection with said action or contemplated suit."

The motion to dismiss is sustained, and the appeal dismissed.

All the Justices concur, except TURNER and BRETT, JJ., not participating.