JOHNSON v. FIRST NATIONAL BANK et al.
and
JOHNSON v. GIBSON et al.

Nos. 11438 and 11439—Consolidated.

Opinion Filed July 17, 1923.

Rehearing Denied Nov. 13, 1924.

1. **Appeal and Error—Right to Change Position—Estoppel.**

Where one voluntarily assumes a certain position in a legal proceeding and succeeds in maintaining that position, he will not thereafter, because his interest has changed, be permitted to assume a contrary position, to the prejudice of a party who acquiesced in the position formerly taken by him.

2. **Same—Waiver of Appeal—Acquiescence in Judgment.**

Any act on the part of the appellant by which he recognizes the validity of a judg-

ment against him, either expressed or implied, operates as a waiver to appeal therefrom or to bring error to reverse it.

**3. Estoppel — Validity of Contract—Receiving Benefits.**

One cannot claim under and receive the benefits of a contract and then be heard to deny the validity of the same.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Wagoner County; Benjamin B. Wheeler, Judge.

Action of First National Bank of Broken Arrow against S. L. Johnson and others (No. 3899) and action by S. L. Johnson against Kelly F. Gibson and another (No. 3682). From adverse judgment in No. 3899, and from order correcting judgment in No. 3682, Johnson brings error. Cases consolidated. No. 3899 affirmed, and in No. 3682, appeal dismissed.

J. S. Severson, for plaintiff in error.

Z. I. J. Holt and John C. Graves, for defendants in error.

Opinion by JONES, C. In this opinion case No. 11438, being case No. 3899 in the lower court, wherein the First National Bank of Broken Arrow, Okla., was plaintiff and Kelly F. Gibson, S. L. Johnson, Harry Perdue, and Annie B. Gibson, were defendants, and in this court S. L. Johnson is plaintiff in error and First National Bank of Broken Arrow, Okla., Kelly E. Gibson and Annie B. Gibson and Harry Perdue are defendants in error, is consolidated with case No. 11439, being case No. 3682 in the lower court, wherein S. L. Johnson was plaintiff and Kelly F. Gibson and First National Bank were defendants, and in this court S. L. Johnson is plaintiff in error and Kelly F. Gibson and First National Bank of Broken Arrow, Okla., defendants in error.

It seems to be conceded that the opinion in case No. 11439 will be governed by the opinion in case No. 11438, and in 11439 there was a suit instituted by the plaintiff in error, Johnson, against Kelly F. Gibson and the First National Bank of Broken Arrow, defendants, wherein the plaintiff in error, Johnson, alleges that he and the defendant Gibson entered into a contract to handle a certain piece of real property upon the condition that they would sell the oil rights in the property for $2,000, and that they would buy the property for $20,000, and thus make, as a profit, the fee-simple title to the property and $2,000 in cash. Pursuant to this contract and agreement the deal was consummated and the title to the property was taken in the name of Kelly F. Gibson, and the papers were all placed in his name, and payments were made to the First National Bank of Broken Arrow. Gibson and Johnson also consummated the deal whereby they sold to one Freeman the mineral interest in and to said lands for $22,000, and then they paid the owner of the land, Anderson, the sum of $20,000 as agreed upon. Thereafter the plaintiff, Johnson, requested Gibson to give him a deed to his one-half interest in the property, and to pay him his $1,000 in money, which was profit over and above the $20,000. The defendant, Gibson, in his answer, denies that the agreement had been made as set forth in the petition, denies that the plaintiff had any interest in the proposition at all, but admits that the transaction as set forth in the petition did occur.

This suit was instituted on the 21st day of October, 1918, and subsequent thereto, on the 2nd day of May, 1919, the matter came on to be heard, and after the introduction of evidence the matter being tried to the court, the court found for the plaintiff for one-half of the tract of land, and for $1,000, his one-half interest in the $2,000 profit, and in addition thereto found that the defendant, Gibson, had collected $380 rents on the property, and that he had borrowed $3,000 on said land, and executed a mortgage covering same to secure the payment of the said $3,000. And the defendant Gibson had made a contract of sale with one Perdue, by which he was to receive the sum of $4,500 for the fee-simple title to said land, and had received $500 cash payment on said contract. To the judgment of the court, the defendant Gibson excepted, filed a motion for new trial, which was overruled, and from which order of court he prayed an appeal, but failed to perfect the same.

Thereafter, on the 16th day of January, 1920, the plaintiff in error, S. L. Johnson, filed a motion in the district court to correct the journal entry entered on the 2nd day of May, 1919, and on hearing of the motion the court denied the same, but the court, on its own motion, entered a nunc pro tunc, as of the 2nd day of May, 1919, correcting the journal entry in the case of that date. And, so far as we are able to determine, the only difference in the original journal entry and the corrected journal entry, and so far as any contention is made, is the insertion of the following provisions:

"Plaintiff is hereby given and awarded joint possession of said premises with defendant Kelly F. Gibson, and joint control of same. The title, possession, and control of

the plaintiff Johnson, is subject to whatever liens were created by the transaction hereinabove set out."

And the corrected judgment carries the same judgment as the original judgment, the substance of which is found in the following paragraph which is contained in both judgments:

"The court further finds that the defendant has collected the $2,000 paid to the defendant, the First National Bank, and said bank's connection with said transaction as escrow holder therein, has terminated; that defendant Gibson has mortgaged said land for $3,000 and collected the rents for the year 1919, the sum of $350, and has executed a contract of sale of said land, and has collected the sum of $500 on said contract; there is due to plaintiff one-half of all said sums so realized by the defendant, to wit, $2,925."

The court evidently felt that, having rendered judgment in behalf of the plaintiff, Johnson, for one-half of all moneys received by the defendant Gibson in his dealings and transactions pertaining to said land, if the plaintiff, Johnson, should take and receive such benefits, he likewise would assume his one-half of the liability of the incumbrance placed upon said land by the defendant Gibson.

Case No. 11438, consolidated with this case, is one wherein the First National Bank of Broken Arrow sues the defendant Kelly F. Gibson, and makes S. L. Johnson, J. H. Perdue, and Annie B. Gibson, codefendants, on note secured by mortgage covering the lands in controversy for $3,000, together with interest and attorney's fee. Said note and mortgage being executed on the 17th day of October, 1918, to one S. L. Hurd, who had, prior to the institution of this suit, assigned said note and mortgage to the plaintiff bank; and further alleges in its petition that the other defendants, S. L. Johnson and J. H. Perdue, are each claiming some right, title, and interest in and to said premises; the said Johnson claiming an individual one-half interest therein, under the judgment secured by him in a civil action in the district court of Wagoner county, Okla., against the defendant Gibson wherein he also secured a money judgment, which was made a lien against the interest of the defendant Gibson in and to said lands: and the defendant Perdue claiming an interest by reason of a quitclaim deed of conveyance from Kelly F. Gibson and wife; and plaintiff alleges that all the claims, interest, and rights of the various defendants are junior, inferior, and subject to the rights and interest of this plaintiff, and prays for judgment on

said note and foreclosure of the mortgage securing the same. To which petition the defendant Johnson, plaintiff in error herein, filed his separate answer and denied all the allegations of plaintiff's petition, except such as are admitted, and states that he is not advised as to whether or not the defendant Kelly F. Gibson executed the note sued upon, and therefore can neither affirm nor deny the said act of the said Kelly F. Gibson; denies that same was executed for value, but alleges that if same was made, it was made for the purpose of covering up and keeping the fact from the general public; that the said Gibson owned the land described in said petition; and for further answer and cross-petition against the plaintiff, the defendant Johnson alleges all of the facts relating to his connection with the said Kelly F. Gibson, in the sale and purchase of the Anderson land, and avers that he is entitled to a one-half interest in and to said properties, and a one-half interest in the profits derived by reason of the conveyance of the mineral rights to said Freeman for $22,000. And further alleges that all of the papers were delivered to the plaintiff bank, and that said bank was familiar with all the negotiations and transactions pertaining to said matters, and therefore had knowledge of all of said transactions and of the interest of the defendant S. L. Johnson in and to said land and the profits derived therefrom. And further alleges that he filed suit in the district court of Wagoner county for the purpose of enforcing his rights under said contract, said suit being No. 3682, styled "S. L. Johnson v. Kelly F. Gibson and the First National Bank of Broken Arrow, Defendants," same being case "No. 11339" heretofore referred to, now pending in this court and consolidated with this case, and that at the trial of said case he was awarded an undivided one-half interest in and to the lands in controversy, and in addition thereto judgment for the sum of $2,925, and the costs of said case, and was given a lien on the one-half interest awarded to Kelly F. Gibson, in order to make certain payment on the judgment, as aforesaid, said judgment being filed in said court on the 17th day of October, 1918, and prior to the making of the note and mortgage herein sued upon, and attached a copy of the judgment referred to and makes it a part of his answer and cross-petition. The defendant S. L. Johnson further states that in said cause of action the defendant First National Bank of Broken Arrow, Okla., which is plaintiff in this case, filed its answer in which it specifically set out that it claimed no right, title, or interest in and to

the matters in controversy; that the said court had jurisdiction of all matters in controversy in said case, as well as matters admitted, or which could have been adjudicated in said case; and that said plaintiff, First National Bank, did not at said time, claim any interest under said mortgage, as against the defendant S. L. Johnson, and that if said bank had any interest the same should have been disclosed to the court, and said plaintiff is therefore barred from claiming or asserting any interest or right adverse to this defendant, as to any interest the defendant Johnson had at that time, or any interest he obtained by said judgment, in or to the land in controversy in this case. He further states that if the plaintiff bank has any claim or interest against the defendant Kelly F. Gibson, it is junior and inferior to the rights of the defendant Johnson.

The plaintiff in error, Johnson, further alleges in his answer, in substance: "That the bank of Broken Arrow is the trustee of the defendant in error Gibson, and he verily believes, holds and controls large sums of money and property belonging to the said Gibson, and prays that the court require the bank to make an accounting for the purpose of showing the financial condition of the said Gibson"; and further avers that "he verily believes that the said Gibson has funds and assets in and under the control of said bank to the extent of more than $40,000 and prays that upon final adjudication of this matter, should it be found that the bank is the trustee, and has funds under its control belonging to said Gibson, it be required to pay into this court the sum of $2,925, and $50 additional as costs in settlement of the judgment heretofore pleaded in this case, held by the said Johnson and against Kelly F. Gibson."

This is a substantial statement of the facts as disclosed by the pleadings, and we find little, if any, conflict in the testimony as to the facts in this case. The record discloses that the judgment in case No. 11439, which was case No. 3682, in the lower court and the first one filed and tried, was rendered on May 2, 1919, and on January 16, 1920, the judgment referred to as a correction of former judgment was filed, correcting same to the extent that the plaintiff Johnson was charged with the liability incurred by reason of the incumbrance placed upon the lands in controversy by said Gibson. And judgment was rendered in case No. 11438, being case No. 3899 in the lower court, on January 16, 1920, the same day on which the corrected judgment was filed for record.

The only contention urged by the plaintiff in error is that the trial court committed error in rendering judgment for a greater amount than asked for in plaintiff's petition, and because it passed on issues not raised by the pleadings, in that it rendered judgment for the plaintiff, Johnson, for one-half of the $3,000 secured by the defendant in error Gibson under the mortgage, and for one-half of the rents and for one-half of the $500 received by the said Gibson under contract of sale to Perdue, items which were not raised under the pleadings, and cites the case of County Treasurer v. Bass & Harbour Co., 47 Okla. 786, 150 Pac. 706, and numerous other authorities laying down the rule "that a judgment which is clearly outside of the issues made by the pleadings is a nullity." This is a correct rule of law, but from an examination of many of the authorities cited, we find it is applied in cases where the judgment has been rendered including issues not raised by the pleadings, to which the complaining party objected at the time of the rendition of the judgment and objected to the introduction of the evidence on the issues which were outside of the pleadings, and in such cases we think the rule should apply. But in this case the plaintiff in error, Johnson, is complaining of an error which he himself led the court into, and is complaining of a judgment in his own behalf, from which he gave no notice of appeal, and in fact took no appeal from, at the time of its rendition, and in the appeal taken from the order of the court, when entering the nunc pro tunc order, when correcting or modifying the judgment, he only complains of a portion of the judgment, and furthermore, he relied upon the judgment and accepts the same in that he pleads it as a valid subsisting judgment in case No. 11439 in this court, and in his prayer for relief asks that the defendant in error, the bank of Broken Arrow, be required to pay same, and in view of these facts and conditions, we are of the opinion that the authorities cited and the rule contended for are not applicable, and find that the plaintiff in error is now estopped from further urging his appeal for the reason that he has accepted the benefits of the judgment and acquiesced in same. And in support of this contention numerous authorities are cited. In the case of Territory v. Cooper et al., 11 Okla. 699, 69 Pac. 813, the court said:

"Where one voluntarily assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he will not thereafter, because his interests have changed, be permitted to assume a contrary position, to the prejudice of a party who acqui-

esced in the position formerly taken by him."

And in Elliott v. Orton, 69 Okla. 233, 171 Pac. 1110, the court states:

"A party who voluntarily acquiesces in or ratifies, either partially or in toto, a judgment against him, cannot appeal from it.

"Any act on the part of the appellants by which they impliedly recognize the validity of a judgment below against them operates as a waiver of the appeal therefrom, or to bring error to reverse it. * * * and thereupon the motion to dismiss such appeal on account of such acts, being timely filed, should, as to such appellants be sustained and their appeal dismissed."

The same rule is laid down in the case of Lohr & Trapnell v. H. W. Johns-Manville Company, 64 Okla. 79, 166 Pac. 124, and in the case of City of Lawton v. Ayers, 40 Okla. 524, 139 Pac. 963, the following rule is laid down, which is taken from Cyc. vol. 2, 656-f:

"The rule is, that any act on the part of the defendant by which he impliedly recognizes the validity of a judgment against him, operates as a waiver to appeal therefrom, or to bring error to reverse it."

In the case of Barnes v. Lynch, 9 Okla. 11, 59 Pac. 995, the court says:

"No rule is better settled than that the right of appeal may be waived by acts of the party which are inconsistent with the assertion of that right. A party who voluntarily acquiesces in or ratifies, either partially or in toto, a judgment against him, cannot appeal from it."

The plaintiff in error in this case accepted the judgment at the time it was entered, and raised no question as to the validity of same or any part thereof, until eight months later, at which time he filed a motion in which he moves for judgment nunc pro tunc, in which he asks for the modification of same, and offers to make a remittitur of a portion of the judgment rendered in his favor. This was a ratification of a portion of the judgment, and he had formerly pleaded the same in case No. 11438 and asked that the monies be paid into the court for the purpose of settling the judgment. This certainly was a ratification, and we think, under all the facts and circumstances surrounding this case, the plaintiff in error is now estopped from questioning the validity of the judgment.

We therefore dismiss the appeal of plaintiff in error in case No. 11439.

And the dismissal of plaintiff in error's appeal, which leaves the judgment of the trial court in full force and effect, disposes, we think, of the question raised in case No. 11438. The court having sustained the judgment of the lower court, which found that the plaintiff in error, Johnson, and the defendant in error Gibson were partners in their joint efforts and in their connections and associations in the matter here in controversy, and the judgment finding that Johnson was entitled to participate in one-half of all revenue and funds received by the said Gibson in connection with the lands in controversy, and further finding that plaintiff in error, Johnson, should take his interest in the lands subject to whatever incumbrance that may have been placed thereon by his partner, Gibson, and the plaintiff in error, Johnson, having received the benefits of the transaction had by Gibson, and thereby recognizing the mortgage given by Gibson, would now be estopped from raising the question of the validity of same. And consequently it would follow that the judgment of the trial court in rendering judgment in favor of the bank of Broken Arrow, and against Gibson, Johnson, and Perdue, in which it rendered judgment for the face of the note, together with interest and attorney's fee, as provided therefor, and foreclosing the mortgage, is a correct adjudication of the issues raised in that case. The same is therefore affirmed.

By the Court: It is so ordered.