## SMITH v. SMITH.

No. 14470—Opinion Filed April 7, 1925.

Rehearing Denied May 26, 1925.

### Appeal and Error—Recognition of Judgment as Waiver of Error.

A plaintiff in error who seeks in this court to reverse a judgment of a trial court for alleged errors in its rendition may not maintain such proceeding in error where it is made to appear that he has used the validity of such judgment and the property rights of the judgment creditor therein for the purpose of procuring an attachment on which to base service by publication in another action against the nonresident judgment creditor. This is affirmative relief obtained under the judgment, is a waiver of alleged errors therein, and estops such plaintiff in error from here asserting its invalidity.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Washita County; Thomas A. Edwards, Judge.

Action by J. E. Smith against James W. Smith. Verdict and judgment for plaintiff, and defendant brings error. Motion filed in this court by defendant in error to dismiss the appeal. Dismissed.

This action was commenced in the district court of Washita county November 8, 1921, by J. E. Smith filing his petition in said court, wherein he asked judgment against the defendant, James W. Smith, for various sums of money alleged to be due from defendant to plaintiff by reason of certain transactions had between the parties.

Defendant answered by general denial and by cross-petition setting up various claims against the plaintiff, and asked for judgment over against the plaintiff.

Upon a trial to a jury there was verdict in favor of the plaintiff for the sum of $1,-424.15, and against the defendant on his cross-petition. Judgment was duly entered upon this verdict, and after unsuccessful motion for new trial the defendant has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Billups & Tisinger, for plaintiff in error.

Ash & Jones and W. J. Oxford, for defendant in error.

Opinion by LOGSDON, C. A motion to dismiss this proceeding in error was filed by the plaintiff September 17, 1923, and on October 9, 1923, an order was made pro forma denying said motion. At the time this order was entered the case had not been briefed upon the merits nor ordered submitted. Upon filing of the briefs in the case the cause was thereafter submitted and assigned upon the merits.

At the threshold of this case the motion of plaintiff to dismiss the appeal is presented and urged in his brief. The ground upon which a dismissal is urged is that defendant has recognized the validity of the judgment in this action and has accepted benefits thereunder which amount to a waiver of his right to allege error in the proceedings.

It appears from the motion to dismiss that on February 13, 1923, defendant commenced an action in the district court of Washita county against the plaintiff for damages for alleged slander. On June 19, 1923, defendant, who is plaintiff in the new action, filed his affidavit for attachment against this plaintiff, defendant in that action, in which he alleged "that said defendant is a nonresident of this state; that the cause of action against defendant arose wholly within the limits of this state; said cause of action is one arising upon a tort." This ground of attachment is authorized by the first subdivision of section 340, Comp. St. 1921. On June 20, 1923, this defendant, plaintiff in that action, filed in said cause his affidavit to obtain service by publication. In said affidavit to obtain service by publication, he said:

"Affiant further says that the defendant, John E. Smith, is a nonresident of the state of Oklahoma and has debts owing to and property within this county sought to be taken by attachment in this action, a provisional remedy, and that service of summons can not be made on said defendant, John E. Smith, with due diligence within the state of Oklahoma; that defendant's last known place of residence was Gordon, Texas, and that the said plaintiff wishes to obtain service on said defendant by publication."

This is one of the grounds upon which service by publication is authorized by the provisions of section 250, Comp. St. 1921. An order of attachment was duly issued in that action and levied upon the judgment in the instant case, and said judgment was appraised by two householders as provided by law. The inventory with their appraisement thereon was duly filed in said action. The deputy sheriff who levied the order of attachment in that action has made affidavit in which he states:

"That said judgment so levied upon and attached is the identical judgment appealed from by the said James W. Smith to the Supreme Court of Oklahoma, which appeal is now pending in said Supreme Court as case No. 14470; and affiant further says that he levied upon and attached said judgment under said order of attachment at the request, in the presence of and under the personal direction of the said James W. Smith."

The judgment in the instant case was entered February 9, 1923, and supersedeas bond was duly filed and approved in the action March 5, 1923.

In order to obtain service by publication in cause No. 2606, which was the new action, this instant defendant made affidavit to the effect that the judgment in the instant case was the property of this plaintiff, although he had theretofore superseded said judgment by filing bond and was prosecuting a proceeding in error to this court to reverse said judgment. Without this allegation he would have been unable to bring this plaintiff, the defendant in that action, before the district court of Washita county for the reason that he is a nonresident of the state and the cause of action sued on was one in tort. Can a man thus blow hot and cold at the same time? Can he question the correctness and validity of a judgment for one purpose while asserting its validity and binding force for another purpose? The case of City of Lawton v. Ayres, 40 Okla. 524, 139 Pac. 963. appears to be directly in point and decisive of the question presented by this motion to dismiss. In that case Ayres had recovered judgment against the city of Lawton, from which judgment the city of Lawton prosecuted proceedings in error to this court. On the motion to dismiss the appeal it appeared that subsequent to the rendition of the judgment against it the city of Lawton commenced proceedings for the purpose of funding certain warrant and judgment indebtedness, and among the judgments listed in said proceeding as an outstanding indebtedness against the city was the Ayres judgment. Justice Kane, in passing upon the motion to dismiss, said:

"The contention of the movant is that this proceeding constitutes a recognition on the part of the city of the validity of the judgment rendered against it, and a waiver of its right to appeal therefrom or to bring error to reverse it. We think this position is well taken. The rule is, 'that any act on

the part of the defendant by which he impliedly recognizes the validity of a judgment against him, operates as a waiver to appeal therefrom, or to bring error to reverse it.' 2 Cyc. 656. It is difficult to conceive a more solemn recognition by a municipality of the validity oꞈ a judgment rendered against it than is involved in a proceeding to fund the same under our statutes."

In the case of Haskell v. Ross, 71 Okla. 46. 175 Pac. 204, a similar question was presented on a motion to dismiss the appeal. In that case judgment had been recovered in the district court of Muskogee county by Ross against Haskell as one of the sureties upon an appeal bond. To reverse that judgment Haskell commenced his proceeding in error in this court. Upon the motion to dismiss the appeal it was shown that subsequent to the rendition of the original judgment Haskell had commenced an action against the principals on the bond to recover from them the amount of the judgment rendered against him as their surety. Justice Tisinger, in disposing of the motion to dismiss, said:

"By bringing suit in the district court of Muskogee county to compel the principals on the appeal bond to pay him the amount of judgment which had been recovered against him in that court, as surety on such bond, plaintiff in error expressly recognizes the validity of the judgment and waives his right to appeal therefrom or to bring error to reverse it. The rule is that any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom. or to bring error to reverse it. 2 Cyc. 676; City of Lawton v. Ayres, 40 Okla. 524, 139 Pac. 963; Barnes v. Lynch, 9 Okla. 11, 59 Pac. 995; Elliott v. Orton. 69 Okla. 233, 171 Pac. 1110.

In cause No. 2606 defendant not only impliedly recognized the validity of the judgment rendered against him in the instant case, but under oath asserted it to be the property of the plaintiff, and caused it to be levied upon and appraised under the attachment order issued at his instance and request. He thus availed himself of plaintiff's property rights in the judgment, which he here asserts is no judgment, in order to bring plaintiff within the jurisdiction of the court in an action for tort commenced subsequent to the rendition of the judgment. The application of the general rule stated in the Ayres Case and in the Haskell Case seems to be peculiarly fitting in this case. After having asserted the validity of the judgment and plaintiff's property rights therein in order to sustain an otherwise void service by publication in case 2606 in the district court of Washita county defend-

ant cannot now be heard to allege error in the rendition of such judgment. As was said in the case of Paine v. Woolley, 80 Ky. 568:

"Such inconsistency and self-stultification is abhorrent to the law. It exhibits a disregard for the rights of the defendants, for the judgment must be either legal or erroneous."

Additional authorities supporting this application of the general rule are: 2 Enc. of Pleading and Practice, p. 174; Mississippi R. Co. v. Byington, 14 Iowa, 572; Waddingham v. Waddingham, 27 Mo. App. 607; Ruckman v. Alwood, 44 Ill. 183; Bennett v. Van Syckel, 18 N. Y. 481; Schweickhart v. Stuewe (Wis.) 43 N. W. 722; Ward v. Morris (La.) 7 South. 712; Kansas City R. Co. v. Murray (Kan.) 47 Pac. 835.

For the reasons herein stated and upon the authorities herein cited and quoted from, the motion of plaintiff to dismiss this proceeding in error should be and is sustained and the appeal dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 669, § 542.