Note.—See under (1) 30 C. J. p. 1128 § 994; anno. 46 L. R. A. (N. S.) 1084; 20 A. L. R. 943; 13 R. C. L. p. 1463, 1468; 5 R. C. L. Supp. p. 736. (2) 30 C. J. p. 1136 § 1006. (3) 30 C. J. p. 1152 § 1029; 13 R. C. L. p. 1479; 4 R. C. L. Supp. p. 864. (5) 13 R. C. L. 1483; 3 R. C. L. Supp. p. 151. (4) 30 C. J. p. 1146 § 1023. (5) 30 C. J. p. 1153 § 1030.

---

### MOSIER v. MOSIER.

No. 16801—Opinion Filed April 20, 1926.

Rehearing Denied June 8, 1926.

(Syllabus.)

#### Divorce—Right of Appeal Lost by Remarriage.

An appeal from a decree of divorce cannot be prosecuted after the remarriage of the appellant, for the reason that such marriage constitutes an acceptance of the benefit of the decree, and necessarily admits its legality and correctness.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Walter L. Mosier against Ida Mosier for divorce. Decree of divorce granted defendant upon her cross-petition, from which the plaintiff appealed. Dismissed.

Hargis, Yarbrough & Williams, for plaintiff in error.

Burford, Miley, Hoffman & Burford and Whittington & McLaughlin, for defendant in error.

NICHOLSON, C. J. This suit was instituted by the plaintiff in error, as plaintiff below, against the defendant in error, as defendant below, seeking a divorce. The defendant filed her answer and cross-petition, wherein she prayed that the prayer of plaintiff's petition be denied, and that she be granted a decree of divorce upon her cross-petition, together with permanent alimony in the sum of $50,000, and $5,000 at-

torneys' fee, as well as cost of certain medical treatment rendered her for which the plaintiff agreed to pay. A trial resulted in a decree in favor of the defendant in accordance with the prayer of her cross-petition, .rom which plaintiff has appealed.

The defendant has lodged her motion to dismiss the appeal, from which motion it appears that on July 20, 1925, and prior to the filing of this appeal, the plaintiff, upon his sworn application, stating that he was a divorced man, obtained a license in the city and county of Denver, in the state of Colorado, to marry one Georgia Asporinball, and that he and said Georgia Asporinball were, on said day, united in marriage. The defendant contends that these acts of the plaintiff constitute a recognition of the decree of divorce from which this appeal is prosecuted, and estop him from prosecuting said appeal.

This court has repeatedly held that any act on the part of the appellant by which he either expressly or impliedly recognizes the validity of a judgment against him operates as a waiver of his right to appeal therefrom. Barnes et al. v. Lynch et al., 9 Okla. 11, 59 Pac. 995; City of Lawton v. Ayers, 40 Okla. 524, 139 Pac. 963; Yates v. Yates, 60 Okla. 217, 159 Pac. 1107; Lohr & Trapnell et al. v. Johns-Manville Co., 64 Okla. 79, 166 Pac. 124; Elliott et al. v. Orton et al., 69 Okla. 233, 171 Pac. 1110; Haskell v. Ross, 71 Okla. 46, 175 Pac. 204; Home Builders Lumber Co. v. White, 75 Okla. 294, 183 Pac. 725; Johnson v. First National Bank et al., 93 Okla. 194, 220 Pac. 47; Fooshee v. Craig, 110 Okla. 189, 237 Pac. 78; Smtih v. Smith, 105 Okla. 218, 232 Pac. 399; Id., 111 Okla. 126, 236 Pac. 579; Brandt et al v. Lane et al., 113 Okla. 459, 237 Pac. 459.

It does not appear that this court has ever applied the principle announced in the cases above cited to remarriage after divorce, but in Yates v. Yates, supra, it was held that where the court refused plaintiff a divorce, but granted one to the defendant on his cross-petition, and at the same time allowed plaintiff alimony, which was by the defendant paid to the clerk of the court and by him paid over to the attorney for the plaintiff, the voluntary acceptance by the plaintiff of the alimony paid in on the judgment estopped her from further prosecuting her appeal from the judgment.

We are unable to perceive any marked distinction between accepting alimony awarded and accepting freedom from the bonds of matrimony, as constituting a recognition of the validity of the judgment. Clearly, the plaintiff recognized the validity of the decree granted in this case by relying upon it and marrying another woman. It is inconceivable how he can with any consistency ask this court to set aside the decree and leave him married to two women at the same time.

We see no reason for withholding here the application of the general rule that a party who accepts the benefit of a judgment, order or decree, cannot afterwards maintain an appeal to review it. That such rule is applicable in divorce cases has been held in Rariden v. Rariden, 3 Ind. App. 284, 70 N. E. 398; Stephens v. Stephens, 51 Ind. 542; Stebe v. Stebe (Mich.) 129 N. W. 356; Butts v. Butts (Ark.) 238 S. W. 600; Branch v. Branch (Colo.) 71 Pac. 632. See, also, 19 C J. 188, and 9 R. C. L. 467.

The plaintiff, having accepted the benefits of the decree of divorce by his remarriage, cannot be heard to question the validity of such decree on appeal.

The appeal is dismissed.

All the Justices concur, except MASON, J., absent and not participating.

Note.—See 19 C. J. p. 188 § 463; anno. 29 L. R. A. (N. S.) 15; 9 R. C. L. p. 467; 5 R. C. L. Supp. p. 513.