Note.—See under (1) 30 Cyc. p. 421; 20 R. C. L. p. 804; 5 R. C. L. Supp. p. 1126. (2) 13 C. J. pp. 168, 169, § 91; 31 Cyc. p. 399; 21 R. C. L. p. 570 et seq.; 3 R. C. L. Supp. p. 1170; 4 R. C. L. Supp. p. 1421; 5 R. C. L. Supp. p. 1164; 6 R. C. L. Supp. p. 1274. (3) 38 Cyc. p. 1711; 14 R. C. L. p. 752; 3 R. C. L. Supp. p. 275; 4 R. C. L. Supp. p. 916; 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp. p. 829; (4) 4 C. J. p. 858, §2836; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp p. 79; 6 R. C. L. Supp. p. 673.

## REVARD v. REVARD.

No. 18516.   Opinion Filed Oct. 18, 1927.

Rehearing Denied Jan. 10, 1928.

(Syllabus.)

**Appeal and Error—Right to Appeal Waived by Accepting Benefits of Judgment in Part.**

A party accepting the benefits of a part of a judgment favorable to her cannot maintain an appeal as to another part of the judgment of which she complains.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Ruth Revard against McGuire N. Revard. From judgment granting plaintiff divorce and alimony, she appeals. Dismissed.

A. P. Carr and Travis I. Milsten, for plaintiff in error.

McGuire, Marshall & Bodovitz, for defendant in error.

PER CURIAM. In this cause the plaintiff in error was plaintiff in the trial court and the parties will be referred to herein as they appear therein.

The plaintiff in this action filed her petition in the district court of Tulsa county praying that the defendant, her husband, be ordered to make proper and suitable provisions for the support and maintenance of the plaintiff and their three children. The defendant herein filed his answer and cross-petition and prayed for a divorce. The cause was tried to the court, and judgment rendered granting the plaintiff a divorce from the defendant, and awarding her alimony in a specified sum per month, payable quarterly, and in addition thereto the defendant was required to pay to the plaintiff a specified sum per month for the support of their three children, payable quarterly, and attorney fees. The plaintiff filed

a motion for new trial, which was by the court overruled, from which she appeals to this court. The defendant has filed in this court his motion to dismiss the appeal for the reason that the plaintiff in error herein has accepted the payments of alimony, support for children and attorney fees as provided for in the decree, from the defendant from date of judgment March 11, 1927, up to and including September 24, 1927, and by reason thereof is precluded and estopped from prosecuting this appeal.

In support of the fact that the plaintiff has accepted the benefits of the judgment rendered in the trial court, the defendant has filed herein an affidavit of his attorney of record that payments of alimony, payments for the support of said children, payment on attorney fee awarded had been made by such attorney and received by the attorney of record for the plaintiff, and in addition thereto has filed a receipt signed by the attorney of record of the plaintiff acknowledging receipt of payments that had been made. The plaintiff in error has responded to the motion to dismiss and does not deny having received these payments. In the case of Mosier v. Mosier, 121 Okla. 4, 246 Pac. 1099, this court laid down the rule that:

"An appeal from a decree of divorce cannot be prosecuted after the remarriage of the appellant, for the reason that such marriage constitutes an acceptance of the benefit of the decree, and necessarily admits its legality and correctness."

In the case of Yates v. Yates, 60 Okla. 217, 159 Pac. 1107, syllabus thereof, this court said:

"Plaintiff instituted an action for divorce and alimony. The trial court refused plaintiff a divorce, but granted defendant a divorce upon his cross-petition, and at the same time allowed plaintiff alimony. The defendant paid the alimony to the clerk and the same was paid over to the attorney for plaintiff. Held, after having voluntarily accepted the alimony money paid in on the judgment, plaintiff is estopped from further prosecuting her appeal from said judgment."

The rules laid down in the foregoing cases are applicable to the case at bar and settle the question before us in this case. However, in the case of Mosier v. Mosier, supra, the court said:

"This court has repeatedly held that any act on the part of the appellant by which he either expressly or impliedly recognizes the validity of a judgment against him operates as a waiver of his right to appeal therefrom."

And cites numerous recent cases among

which are: Brandt et al. v. Lane et al., 113 Okla. 14, 237 Pac. 459; Smith v. Smith, 111 Okla. 126, 236 Pac. 579; Fooshee v. Craig, 110 Okla 189, 237 Pac. 78; Johnson v. First National Bank et al., 93 Okla. 194, 220 Pac. 47.

The plaintiff having accepted the benefits of the decree awarding alimony by receiving payments thereon cannot be heard to question the validity of the decree for divorce on appeal, and the appeal is therefore dismissed.

Note.—See 3 C. J. p. 681, ¶553; 4 C. J. p. 580, §2389; 19 C. J. p. 188, §463; 2 R. C. L. p. 61; 1 R. C. L. Supp. p. 379; 4 R. C. L. Supp. p. 77; 5 R. C. L. Supp. p. 67; 6 R. C. L. Supp. p. 64.