## DAVIS v. FLINT.

No. 18610.    Opinion Filed Jan. 17, 1928.

Rehearing Denied March 20, 1928.

(Syllabus.)

**Appeal and Error—Waiver of Right to Appeal by Accepting in Part Benefits of Judgment.**

A party accepting the benefits of a part of a judgment favorable to her cannot maintain an appeal as to another part of the judgment of which she complains.

Error from District Court, Creek County; John L. Norman, Judge.

Action by Carrie Davis against Katharine F. Flint et al. From the judgment, plaintiff appeals. Dismissed.

A. K. Swan and Hagan & Gavin, for plaintiff in error.

Streeter Speakman, for defendant in error.

PER CURIAM. This action was begun in the district court of Creek county by the plaintiff in error, plaintiff below, against Clarence Davis, her husband, Katharine F. Flint, and Munn Bros., Inc., et al., wherein the plaintiff sought a divorce from Clarence Davis, and that the court set apart to her the homestead occupied by herself and her husband; further alleged that certain town lots and a 40-acre tract of land constituted the homestead; that while plaintiff and her husband were occupying said land as a homestead, her said husband, without her consent or participation, had conveyed the legal title to said 40 acres of land to the defendant Katharine F. Flint for the purpose of divesting plaintiff of her homestead rights therein and for the purpose of securing payment of a loan made by said Katharine F. Flint to the said Clarence Davis, all of which was known to said Katharine F. Flint at the time she accepted the conveyance thereof, and asked that the said conveyance be set aside and her title thereto quieted. The defendant Katharine F. Flint answered and denied any homestead interest upon the part of the plaintiff in and to said 40 acres of land, and alleged that she was the owner of the legal and equitable title to a one-half interest therein and that Munn Bros., Inc., was the owner of the other one-half interest, and prayed title thereto be quieted as against the plaintiff. The defendant Clarence Davis answered by way of general denial and cross-petition and prayed a divorce from the plaintiff. It was stipulated by the parties that Munn Bros., Inc., was the

owner of the undivided one-half interest in the said 40 acres of land. Upon the issues joined the cause was tried to the court, and as to the issues between the plaintiff and the defendant Clarence Davis the court found for the plaintiff that she was entitled to a divorce, and conveyed and granted to the plaintiff, as her sole individual property, the undivided one-half interest in the property of the plaintiff and defendant, therein described, which did not embrace the 40-acre tract of land hereinbefore mentioned, and decreed to her the sole and exclusive use and possession of the whole of the property, in which she was adjudged to be the owner of a one-half interest, for the remainder of her life or so long as she remained unmarried; further decreed that plaintiff have and recover judgment from the defendant Clarence Davis, for the benefit of her attorneys, the sum of $875 as attorney fees, and that certain moneys in court be appropriated as part payment of the costs in said action. No exceptions were taken to this part of the judgment and no motion for new trial was filed on the issues between plaintiff and defendant Davis.

As to the issues between the plaintiff and defendant Katharine F. Flint, the court decreed that the undivided one-half interest in said land was the sole and individual property of the defendant Katharine F. Flint, and quieted title thereto in her. The plaintiff filed a motion for new trial as to the issues between the plaintiff and the defendant Katharine F. Flint, which motion was overruled, and from this part of the judgment the plaintiff has appealed. Clarence Davis was not made a party to this appeal, and the sole question presented in this appeal is the right of the plaintiff to recover the title of the defendant Katharine F. Flint in and to said 40 acres of land. The defendant in error now moves this court to dismiss the appeal for the reason that the plaintiff in said cause has accepted the benefits of the decree of divorce from Clarence Davis and has accepted the property awarded to her and the payment of money judgment rendered in her behalf against the said Clarence Davis. The journal entry of judgment recites that the defendant Clarence Davis has caused the attorney fees to be satisfied and discharged and ordered the satisfaction to be noted on the docket of the court. Certain other indebtedness which was ordered to be paid by Clarence Davis was shown to have been paid and the court ordered that the clerk of the court note complete satisfaction of the judgment of the court by the defendant Clarence Davis. The

decree of divorce and judgment awarding property to the plaintiff was rendered by the trial court on the 28th day of January, 1927. No appeal has been taken therefrom as between the plaintiff and the defendant Clarence Davis and the same has become final and the property and money judgment satisfied.

In this jurisdiction it is a well-recognized rule of law that a party accepting a part of a judgment favorable to him cannot maintain an appeal as to another part of the judgment of which he complains. Mosier v. Mosier, 121 Okla. 4, 246 Pac. 1099; Yates v. Yates, 60 Okla. 217, 159 Pac. 1107; Brandt v. Lane, 113 Okla. 14, 237 Pac. 459; Smith v. Smith, 111 Okla. 126, 236 Pac. 579.

The plaintiff in error has responded to this proposition and says that the proceeding in the trial court was dual in its nature in that not only was the divorce and division of property sought against Clarence Davis, but that separate relief was sought against Katharine F. Flint to subject property held by her in trust for Clarence Davis to the judgment of the court awarding a division of property. We think the case of Brandt v. Lane et al., supra, settles this question. In that case two cases were consolidated in the trial court and heard together. Judgment on the issues as to one of the consolidated cases was in favor of the plaintiff in error and the other against. The plaintiffs accepted the benefits of the judgment, recognized its validity, and waived their right to appeal therefrom.

The plaintiff in error concedes that no attempt is made to appeal from that part of the judgment granting a divorce and awarding a division of the property and that part of the judgment has become final and the marriage relation dissolved. Therefore the right of the plaintiff in error in the property of Clarence Davis is foreclosed. And should it finally be determined that the interest in the 40 acres of land above mentioned held by Katherine F. Flint was the property of Clarence Davis, the plaintiff could assert no interest therein for the reason that she has accepted the judgment of divorce and division of property as final.

The motion to dismiss is sustained, and the appeal in said cause is hereby dismissed.

Note.—See 3 C. J. p. 680, §552; 2 R. C. L. p. 61; 1 R. C. L. Supp. p. 379; 5 R. C. L. Supp. p. 67.