HILLMAN v. ANDERSON-PRICHARD OIL CORP.

No. 29061. March 25, 1941.

Rehearing Denied May 20, 1941.

*113 P. 2d 387.*

E. E. Blake and W. A. Boyack, both of Oklahoma City, for plaintiff in error.

Jarman, Brown, Looney & Watts, of Oklahoma City, for defendant in error.

PER CURIAM. On November 1, 1937, the plaintiff, Bertha Clara Hillman, filed a petition in the district court of Oklahoma county against Anderson-Prichard Oil Corporation as defendant, and therein alleged that plaintiff executed a certain oil and gas lease to Nell Stone and at the same time executed to the said Nell Stone a contemporaneous contract covering the lands described in said lease; that this lease together with the contract were assigned to the defendant, Anderson-Prichard Oil Corporation. It is then alleged that oil was produced by the said defendant and that the terms and conditions of the lease and contract were breached by the Anderson-Prichard Oil Corporation, whereby defendant became indebted to the plaintiff in the sum of $17,667, for which plaintiff prayed judgment with interest and for a judgment for one-eighth of all oil and gas thereafter produced. On proper motion filed, an amendment to the petition was filed, and thereupon issues were joined and trial had to the court, after which judgment was entered for the plaintiff for $1,550.36.

Plaintiff filed motion for new trial, which was overruled, and notice of intention to appeal was given, after which, on the 1st day of February, 1939, the plaintiff filed her petition in error with case-made attached, alleging seven assignments of error, the purport of which is that because of error occurring at the trial judgment should have been for the plaintiff in the sum of $24,844.27 instead of $1,550.36. The parties will be referred to as they appeared in the trial court.

On the 13th day of February, 1939, the plaintiff filed praecipe for execution in the district court of Oklahoma county directing the clerk to issue execution against the property of the defendant, Anderson-Prichard Oil Corporation. This praecipe was signed by E. E. Blake, attorney for Bertha Hillman. On the same date an execution was issued setting out the amount of the judgment as $1,550.36 with accrued costs of $26.10. On the 28th day of February, 1937, there was a second praecipe for execu-

64

tion filed, and on the same date execution issued giving the amount of the judgment as $1,550.36 and the accrued costs as $9, with interest on the judgment from the 28th day of October, 1938, at 6 per cent. per annum.

On March 1, 1939, the court clerk issued a check to the plaintiff, Bertha Clara Hillman, for $1,577.53, which was endorsed by the attorney for the plaintiff and paid. A certificate of the court clerk dated the 19th day of April, 1939, with reference to said proceeding recites:

"That subsequent to the time the judgment was docketed as aforesaid the court clerk at the instance of the plaintiff above named had two different executions issued against the property of the defendant above named, and after the full amount of the judgment, together with interest and costs, was collected by and through said executions and undersigned clerk made the following entries on said judgment docket:

" 'This judgment satisfied and released in full this March 1st, 1939, money judgment and interest paid into Court. Cliff Myers Court Clerk by Frances Cruce, deputy.' "

On the 21st day of April, 1939, the defendant filed a motion to dismiss alleging the above state of facts with relation to the payment of the amount to the plaintiff, and for reasons of dismissal assigns: (1) That the plaintiff by her acts and conduct aforesaid had voluntarily recognized the validity of said judgment and had acquiesced therein and approved and ratified the same; (2) that said plaintiff by her acts and conduct aforesaid has waived her right to prosecute this appeal and is estopped from so doing; (3) that plaintiff by her action in collecting her said judgment as aforesaid, which was rendered against the defendant on an entirely different theory from that which plaintiff sought to recover, has not only acquiesced in the judgment, waived her right of appeal, but by changing her position is estopped to question the judgment of the trial court; (4) that the acts and conduct of the plaintiff as above shown and the enforced satisfaction of said

judgment as aforesaid renders the question involved in the appeal moot.

Response to the motion to dismiss was filed in which it is stated that the plaintiff had a right to accept payment of and demand satisfaction of the amount of the judgment and appeal therefrom.

We are of the opinion that the cause must be dismissed. In Davis v. Flint, 130 Okla. 110, 265 P. 101, we said:

"In this jurisdiction it is a well-recognized rule of law that a party accepting a part of a judgment favorable to him cannot maintain an appeal as to another part of the judgment of which he complains. Mosier v. Mosier, 121 Okla. 4, 246 P. 1099; Yates v. Yates, 60 Okla. 217, 159 P. 1107; Brandt et al. v. Lane et al., 113 Okla. 14, 237 P. 459; Smith v. Smith, 111 Okla. 126, 236 P. 579."

In Mosier v. Mosier, supra, we said:

"This court has repeatedly held that any act, on the part of the appellant, by which he either expressly or impliedly recognizes the validity of a judgment against him, operates as a waiver of his right to appeal therefrom. Barnes et al. v. Lynch et al., 9 Okla. 11, 59 P. 995; City of Lawton v. Ayres, 40 Okla. 524, 139 P. 963; Yates v. Yates, 60 Okla. 217, 159 P. 1107; Lohr & Trapnell et al. v. Johns-Manville Co., 64 Okla. 79, 166 P. 124; Elliott et al. v. Orton et al., 69 Okla. 233, 171 P. 1110, L.R.A. 1918E, 103; Haskell v. Ross, 71 Okla. 46, 175 P. 204; Home Builders' Lumber Co. v. White, 75 Okla. 294, 183 P. 725; Johnson v. First National Bank et al., 93 Okla. 194, 220 P. 47; Fooshee v. Craig, 110 Okla. 189, 237 P. 78; Smith v. Smith, 105 Okla. 218, 232 P. 399; Id., 111 Okla. 126, 236 P. 579; Brandt et al. v. Lane et al., 113 Okla. 14, 237 P. 459."

When the plaintiff elected to pursue her remedy by writ of execution and sought the aid of the court in obtaining the payment of the judgment entered by the trial court, she was thereby precluded from questioning the amount of said judgment on appeal.

Appeal dismissed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. DAVISON, J., dissents.