(84 N. W. Rep. 590.)

---

## JOHN H. WISHEK *vs.* CASSIUS C. HAMMOND.

Opinion filed December 5, 1900.

### Appeal—Acceptance of Benefits.

While it is a general rule that a party cannot appeal from a judgment after he has to any extent accepted the benefits thereof, yet, where a decree consists of two distinct parts, the receipt of benefits under one portion will not bar an appeal from the other portion, where such appeal cannot in any manner affect that portion under which the benefits were received.

### Dissolution of Partnership—Division of Assets.

Where a decree dissolved a partnership between the parties to the action, and directed the division between them of certain specific partnership assets, and also gave one partner a money judgment against the other for a certain amount, but in no manner made such judgment a lien upon the share of the assets belonging to the debtor partner, and the specific assets were subsequently divided as directed, and afterwards the debtor partner appealed from the money judgment, the other party cannot be heard to say that by the division he was deprived of the right to have his judgment declared a lien upon the share of the partnership assets belonging to the debtor partner, under section 4377, Rev. Codes 1899. He lost that right when he failed to secure it under his decree.

**Contract to Secure Public Office and Divide Salary—Void.**

A provision in a partnership contract by which the parties agree to procure the appointment of one partner to a public office, and that the fees arising from such office shall inure to the benefit of the firm, comes within the prohibition found in sections 6911, 6912, Rev. Codes 1899, and is void.

**Judgment Modified.**

Judgment below modified on certain questions of fact discussed in opinion.

Appeal from District Court, McIntosh County; *Lauder,* J.

Action by John H. Wishek against Cassius C. Hammond. From the judgment, both parties appeal.

Modified.

*A. W. Clyde,* for plaintiff.

*L. T. Boucher,* for defendant.

BARTHOLOMEW, C. J. The motion to dismiss the defendant's appeal must be denied. It is based upon the proposition that appellant has accepted a benefit under the judgment, and thereby waived his right of appeal, or estopped himself from exercising such right. The action was in equity for the dissolution of a partnership and an accounting. The plaintiff and defendant had been partners in the real estate business for some years. It appears that, when the action was brought, appellant was in possession of the assets of the firm, consisting of notes and accounts and an amount of money. The decree dissolved the partnership, and directed that the notes and accounts be equally divided between the parties; and, if they could not agree upon a division, then such assets were to be sold by the sheriff, and the proceeds divided. The respondent also recovered a money judgment against the appellant for the sum of $866.99. Subsequently the parties met and amicably divided the notes and accounts, and each received his share in severalty. Thereafter appellant gave notice of appeal from the judgment, and he asks to have certain specified issues of fact retried. Cases of this character come to this court for trial de novo, but the appellant may specify in his statement what particular issues of fact he desires to have retried, where he does not desire a retrial of all the issues, and in such cases all the issues not so specified shall be deemed properly decided by the trial court. Rev. Codes 1899, § 5630. In this manner a party may, in effect, appeal from only a part of a judgment or decree. In this case one of the contentions of the parties related to the disposition of the sum of $1,134.44, which had been received as commissions for the sale of certain Northern Pacific Railroad lands. Appellant claimed one-half of said sum. Respondent claimed that the sale of railroad lands was an individual deal of his own, and did not enter into the partnership transactions. The court held with respondent. Appellant asks a retrial of that question of fact. He also asks a retrial of a question of fact relating

to the payment of certain rent, wherein he claims he should have received a credit for $50, which was denied. No other matters are specified; hence all other questions of fact involved were, for the purposes of this appeal, correctly decided by the trial court. It is clear that a retrial of these questions can in no manner affect the decree below, so far as it related to the division of the notes and accounts. It can affect the amount of the money judgment, and that only. In *Tyler* v. *Shea,* 4 N. D. 377, 61 N. W. Rep. 468, this court had occasion to discuss the questions here involved, to some extent. The general rule that a party may not accept the benefits of a judgment, and afterwards appeal therefrom, was fully recognized; but it was also shown that a party who had recovered benefits under a judgment might subsequently appeal from a part of the judgment, where his appeal could in no manner affect that portion of the judgment under which the benefits were received. We there said: "It is the possibility that his appeal may lead to a result showing that he was not entitled to what he had received under the judgment appealed from that defeats his right to appeal. Where there is no such possibility, the right to appeal is unimpaired by the acceptance of benefits under the judgment appealed from." And again: "But if it be possible for him to obtain a more favorable judgment in the appellate court, without the risk of a less favorable judgment from a new trial of the whole case there or in the lower court, then the acceptance of what the judgment gives him is not inconsistent with an appeal for the sole purpose of securing, without retrial of the whole case, a decision more advantageous to himself." See cases there cited, and also *Goodlett* v. *Investment Co.,* 94 Cal. 297, 29 Pac. Rep. 505; *McIntyre* v. *Bank,* 59 Hun, 536, 13 N. Y. Supp. 674; *Hayes* v. *Nourse,* 107 N. Y. 578, 14 N. E. Rep. 508; *Souder's Appeal,* 57 Pa. St. 498. It is sought, however, to make the distinct portions of the decree interdependent, by claiming that respondent had a right under section 4377, Rev. Codes 1899, to have his money judgment declared a lien upon appellant's portion of the partnership assets, and that by the division the appellant has received his share of the assets freed from any such lien. It is enough to say that the decree below, which, in so far as it is not appealed from, is conclusively presumed to have properly adjudicated the equities between these parties, gave no such lien, but ordered a disposition of the firm assets that was hopelessly inconsistent with any such lien. The assets were as free from lien before division as after. It may be true that before division respondent might have appealed, and had such a lien declared by this court; but, if he saw proper to waive that privilege by dividing the assets, if any benefit accrued to appellant it was by reason of the waiver, and not under the judgment. Doubtless the division of the assets precluded each party from thereafter appealing from the entire decree, but not from the money judgment. It may be urged that respondent would not have consented to such division had he not understood that it

was an acceptance of the entire decree, and that no further litigation was to be had, and that the case presents an estoppel *in pais.* Such may have been the views of respondent, but there is nothing to show that appellant shared those views. The right of appeal is always favored. It may be waived by contract, but such contract must be in writing, based upon a sufficient consideration, and filed in the case. *Mackey* v. *Daniel,* 59 Md. 487; *Dawson* v. *Condy,* 7 Serg. & R. 366. It may be waived by conduct, but the intention to waive must be unmistakable. *Jonhson* v. *Clark,* 29 La. Ann. 762; *Sloane* v. *Anderson,* 57 Wis. 128, 13 N. W. Rep. 684, 15 N. W. Rep. 21; *Hixon* v. *Oneida Co.,* 82 Wis. 515, 52 N. W. Rep. 445. The motion is denied.

Turning now to the case upon the merits, we find that it is a double appeal. Each party has appealed, or attempted to appeal, from the money part of the judgment. The defendant, having first perfected his appeal, will be designated as appellant herein. Certain issues were made in the pleadings. These were narrowed at the trial by the proofs, and still further limited in the findings made by the trial court. The record before us is not a model in any respect. We have experienced difficulty in determining just what questions of fact are before us. Particularly is this true of the case presented by plaintiff's appeal. In his abstract he presents 17 so-called questions of fact, covering 4 printed pages, to which he expects this court to respond. None of them presents in any clearly defined manner any issue of fact made by the pleadings or covered by the testimony, or specifically found by the trial court. And yet indirectly they bear upon the question of the amount of the money judgment. We shall therefore assume, for the purposes of the case, that they are sufficient to enable us to review the questions of fact raised by the pleadings, bearing upon the amount of the recovery, and in so far as they were ruled adversely to the plaintiff by the trial court. We have already stated the questions which the defendant desires to have retried. The partnership agreement between these parties is dated January 2, 1895, and designates respondent as party of the first part and appellant as party of the second part, and recites as follows "They are to do conveyancing; make proofs, contests, and filings upon government lands; make loans on real estate for companies and private parties; collect land interest and make foreclosures of real estate mortgages; in fact, do a general collecting business. * * * They are to do a general abstracting of title business in the name of said second party, the bonds for the same to be furnished by both parties. They are to procure the appointment of said second party as commissioner of the United States Court, and all money which may arise from proofs made and other business transacted by said commissioner is to be equally divided. They are to have their office in the building owned by the said party of the first part, and are to pay him the sum of $100 per year for the first year for rent, and as may be agreed

upon after the first year." The complaint claims the sum of $500 was received by the defendant after October, 1, 1896, for taking and certifying in his official character, either as United States Court commissioner or as clerk of the District Court, proofs which were placed before him by the firm, and for doing other partnership business, which said sum has not been accounted for by defendant. No finding upon this point appears among the findings made by the trial court. We find no evidence that defendant received any money whatever from partnership business that he has not accounted for, unless it be for final proofs, as above specified. It appears that pursuant to the provision in the contract, and chiefly at the instigation of respondent, the appellant was appointed United States Commissioner in the spring of 1895. It should be stated that under the contract the firm business was transacted in the name of J. H. Wishek, that being respondent's name. This arrangement, as we understand it, was for the purpose of allowing the proofs in the firm business to be done before the appellant, as such court commissioner. Prior to October 1, 1896, some final proofs, affidavits, etc., were made before such commissioner, and the fees arising therefrom were treated as firm assets. But the greater part of the proofs made by the firm were made before the clerk of the court until that official resigned, some time in the summer of 1896. As we understand the record, there was an appointee to fill that position on or prior to October 1, 1896, and at the ensuing general election appellant was elected to that office. But after the date last named it does not appear that any fees for final proofs made before appellant, whether as commissioner or clerk, were treated as firm assets. We find from a memorandum opinion of the trial court, which is in the record, that the court did not recognize any right of the firm to such fees, and in this the court was clearly right. The office of clerk of the District Court came to appellant months after the partnership was formed. So far as the record shows, it was in no manner in contemplation when the partnership contract was executed. Any emoluments arising therefrom would, of course, be the individual property of appellant, unless he agreed to turn them in as firm earnings. The undisputed testimony of both parties is directly opposed to this. He absolutely refused, when solicited by respondent, to do anything of the kind. The contract provided that the parties should procure appellant's appointment as court commissioner, and that the fees, as such, should become partnership assets. This provision of the contract is prohibited by express statute (sections 6911, 6912, Rev. Codes 1899), and is therefore void. It is also void as against public policy. Throop, Pub. Off. § 50; Mechem, Pub. Off. § 351. As both parties are here claiming under other provisions of the contract, we do not stop to investigate the effect of this void provision upon the whole contract, but accept the practical construction of the parties, to the effect that the contract may be stripped of the void provision, and yet stand as a valid contract. Plaintiff is entitled to

nothing under this first claim in his complaint. Nor do we find him entitled to anything under claims numbered 4, 5, and 6, beyond what was allowed in the trial court. These are the only claims that were ruled in whole or in part against plaintiff, and it follows that upon his appeal the judgment of the trial court must be affirmed.

The firm, during its existence, occupied office rooms in a building belonging to respondent, and for which he seeks in this action to recover certain rent. The contract fixed the rental for the first year at $100, and left it to be adjusted thereafter. The firm was in existence from January 2, 1895, until May 15, 1897. The trial court allowed the rental for the entire time of 2 years, 4 months, and 13 days at the rate of $100 per year, making appellant's portion thereof $118.43, which amount is included in the judgment against appellant. This was clearly an oversight, as the complaint only claimed rent from January 2, 1896, and both parties testify that the rent for the first year was paid. The judgment must be reduced $50 by reason of this error.

But the principal contention in this case, and that to which three-fourths of all the testimony was directed, relates to the sum of $1,134.45 received by appellant as commissioner for the sale of Northern Pacific Railroad lands. Respondent insists that this money is his individual property, while appellant insists that it is firm property. No objection is made to plaintiff's recovery in this form of action. The trial court found in favor of plaintiff on this issue, and the one-half of said amount which had been retained by appellant is included in the judgment of the lower court. We reach a different conclusion. The burden was upon plaintiff. True, the partnership contract mentions no such business, and for the very sufficient reason that no such business was then possible in that locality. The railroad lands were not on the market until May or June following. Before that time a few persons had requested the members of the firm to write letters for them, making applications for lands. But in so doing they acted entirely for such parties, and neither member of the firm represented the railroad company in any manner before the lands were placed on the market. When that was done, however, they obtained blanks, and began taking applications to purchase said lands, although they obtained no contract of agency until in May, 1896. But that they expected and desired to get such contract at all times after the lands were on the market, and that they expected such contract would be a firm contract, and that the business would be firm business, is too clear for doubt; and this is true even if we disregard appellant's positive testimony. Respondent testifies: "My procuring the agency began in 1895." "That was after our partnership." When asked if he did not consult with appellant before making the agency contract relative to the commissions to be charged, he answered : "Yes; yes, indeed." He was then asked: "So he understood in 1895 that you were to get a contract to sell these lands for the firm, and that the business was

to be done by the firm?" And he answered: "That was the under-
standing, exactly." He further said: "We would have done the
business for one per cent. We very anxious to do it." Respondent
undertakes to avoid the force of this by saying that after he obtained
the contract he told appellant that he had agreed to get photographs
of different houses, and have them lithographed and put out in a
book, and that he had hired a Mr. Miles to do the work, and that
there would be expenses incurred in getting the business fixed, and
that thereupon appellant said he would have nothing to do with it,
and respondent said he would take the business himself. Appellant
swears positively that no such conversation ever occurred. Giving
the parties equal credibility, respondent must fail, as he had the
burden. But there is much in the record that corroborates appellant.
It appears that the expenses contemplated in getting out the book
were to be paid by the railroad company, and not by the firm. It
appears that no such book was ever gotten out, and none of the
alleged expenses were ever incurred. There is no provision in the
written contract of agency for any such thing. Further, it is undis-
puted that a portion of these commissions came from applications
that had been taken before there was any agency contract in exist-
ence. And still more convincing is the undisputed fact that appel-
lant's relation to the railroad land business continued just the same
after the contract was received as before, and respondent testifies
that appellant continued to do more of the work, perhaps, than he
(respondent) did. There is much more in this testimony that we
think corroborates appellant, but we shall not follow it further. We
are clear that the sale of railroad lands was intended to be and
was a part of the firm business, and the commissions received there-
from were firm assets. No question of law is raised upon this
branch of the case. It follows that the judgment for the sum of
$866.99 should be reduced by the sum of $50, by reason of the in-
advertence in computing the rent, and by the further sum of $567.22,
being the one-half of the commissions received for the sale of rail-
road lands, and money judgment should be entered in favor of
plaintiff and against respondent for the remainder, to-wit: the sum
of $249.77; and the District Court of McIntosh county will modify
its judgment accordingly. Defendant will recover his costs in this
court upon both appeals. Modified and affirmed. All concur.