[File No. 982.]

SIDNEY S. EASTON, Respondent, v. J. B. LOCKHART, Appellant.

(89 N. W. 75.)

Opinion filed January 9, 1902.

*Mills, Resser & Mills* and *John E. Greene,* for appellant.
*Newman, Spalding & Stambaugh,* for respondent.

WALLIN, Ch. J. This action is now presented to this court for a second time. On the former appeal this court considered and determined certain legal phases of the case which arose upon the record then before us, but upon the record in the former appeal it was found to be impracticable to direct the entry of a final judgment which would fully meet the exigency of the case. See Easton v. Lockhart, 10 N. D. 181, 86 N. W. 697. Therefore and for reasons fully set forth in the opinion handed down in the case cited, which reasons need not be repeated here, the action was remanded to the district court for further proceedings. Thereafter a trial was had in the district court in which that court considered all the issues, rights and equities involved in the action and such proceedings were had that the district court, after filing its findings of fact and law, rendered final judgment in the action, which judgment was entered on the 13th day of August, 1901, and upon said day the defendant perfected an appeal to this court from said judgment.

The judgment is a decree entered by a court of equity and it seems to have adjudicated upon all the elements and features involved in the controversy, whether legal or equitable. Among other things the court passes upon the value of certain permanent improvements placed

upon the land by the plaintiff and likewise upon the value of the use of the land for the years 1899 and 1900, and the court particularly adjudicates upon the disputed right of possession. The judgment deals also with an existing practical situation and state of facts. When it was entered the plaintiff was, and long had been, in the actual possession of the land in dispute and at that time the land, which was a farm consisting of an entire section, was planted with wheat and flax, about 320 acres of each, and this grain was then ready or very nearly ready to be cut. The court determined the equities arising upon these conditions and in so doing adjudged that defendant should have and take immediate possession of the land in dispute and also take and keep the crop then growing upon the land, all of which was then in good condition and ready, or about ready, to be harvested. But as a condition precedent of taking possession of said land and the crop thereon it was adjudged that the defendant should either pay or secure the payment to plaintiff of a certain sum of money named in the judgment, which sum the court in adjusting the equities of the case had determined would be justly due the plaintiff from the defendant, and this upon the theory that the defendant was to own and keep the crop which had been planted and protected by the plaintiff at an expense of about $1,500.

When the case was reached in this court a motion was made by the respondent to dismiss the appeal. The motion was based upon numerous grounds, but we shall have occasion to refer to but one which we deem to be sufficient to sustain the motion. Affidavits and counter affidavits were submitted upon the hearing of the motion and from these we deduce the following conclusions of fact: (1) The judgment was entered on August 13th, 1901 and an appeal was perfected therefrom the same day; (2) on the next day (Aug. 14th) the defendant entered upon the land in dispute and began the work of harvesting the crop thereon and continued to prosecute said work until the entire crop was cut, harvested, threshed and secured and appropriated by the defendant and which crop has ever since been retained by the defendant, except so far as he may have sold the same and received the proceeds thereof; (3) that the plaintiff had made adequate preparations to harvest said crop and was ready and anxious to do so and would have

commenced the work of harvesting on the 15th of August, had the defendant not taken possession of the land and began the work of harvesting previously and on the 14th of August; (4) that plaintiff did not voluntarily abandon said crop as claimed by the defendant, but on the contrary the plaintiff was prevented from harvesting the crop by reason of being excluded from the possession of the premises by the act of defendant and his employees in taking possession and in proceeding to cut the grain; (5) that defendant has neither paid nor secured the payment to the plaintiff of the money, or any part of the money required to be paid or secured, as a condition precedent to taking possession of the land and crop.

Upon this state of facts the respondent contends that the appellant has forfeited the right to be heard on the merits of the case in this court and this is placed upon the ground that the appellant has already had and appropriated the benefits and all the benefits awarded to the appellant by the terms of the judgment. We think this contention is sound and must be sustained. When the judgment was rendered the plaintiff had the actual possession of the land. He had planted and cared for the crop then upon the land at an expense of over $1,500 and the trial court found that it would be just and equitable to require the defendant to pay or secure to plaintiff a certain amount as a condition of ousting the plaintiff and turning over the crop to the defendant. But defendant saw fit to ignore these conditions and did so without attempting to comply with the same, he entered upon the land and ousted the plaintiff and then proceeded to appropriate the crop. To our mind these facts conclusively show that the appellant has already had and now holds all the valuable benefits and rights which the trial court by its judgment awarded to the appellant. True the defendant strenuously insists in this court that the judgment from which he has appealed is unjust and inequitable and that the trial court in adjusting the rights and equities involved has proceeded upon wrong principles and upon erroneous theories of the law. But it is obvious that for the purpose of deciding the motion to dismiss this court cannot enter upon questions which go to the merits of the controversy and decide the same. The appellant is confronted by a preliminary question and this court is constrained to first consider and dispose of that question. We think appellant's position before this court is untenable in the law as

well as unjust. Appellant by his attitude is seeking the benefits which possibly might inure to him by a trial of the case anew on the merits in this court, and wishes to do this after receiving and retaining all the substantial benefits which were awarded the appellant by the judgment from which he has appealed. If under the existing conditions this court should proceed to try the case anew and upon such trial the judgment entered below should be reversed or modified, this result would not operate to deprive the appellant of any of the benefits which he has received and appropriated under the judgment. The case therefore falls under a well-established rule of procedure which this court has recognized and applied to other cases. In Tyler v. Shea, 4 N. D. 377, 50 Am. St. Rep. 660, 61 N. W. 468, this court said: "The rule is well settled that one cannot accept or secure a benefit under a judgment and then appeal from it, when the effect of his appeal may be to annul the judgment, unless his right to the benefit is absolute and cannot possibly be affected by the reversal of the judgment." See authorities cited in the opinion, page 381, 4 N. D. This rule was recognized in Wishek v. Hammond, 10 N. D. 72, 84 N. W. 587.

In the case at bar the appellant's right to the crop and to the immediate possession of the land before harvesting the crop was not an absolute right, but was a right which the court below in adjusting equities had adjudged entirely conditional. Hence this case does not fall within the exception to the rule laid down in the cases cited.

Our conclusion is that the appeal should be dismissed and it will be so ordered.

All the judges concurring.

YOUNG and MORGAN, JJ., concur.