## HASKELL v. ROSS.

No. 9759—Opinion Filed Sept. 10, 1918.

(175 Pac. 204.)

(Syllabus.)

1. **Appeal and Error — Appellate Jurisdiction—Parties—Statute.**

Under the act approved March 23, 1917, Sess. Laws 1917, p. 403, c. 219, it is not necessary, in order to vest the Supreme Court with jurisdiction to hear and determine the cause on appeal, that a joint judgment debtor, who did not appear at the trial and take part in the proceedings from which an appeal is taken, be served with the case-made or summons in error, or be made a party to an appeal, or proceedings in error in this court, where the appealing judgment debtor gave notice in open court at the time judgment was rendered against him of his intention to appeal therefrom to the Supreme Court.

2. **Appeal and Error—Right of Appeal — Waiver.**

Any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom, or to bring error to reverse it.

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by P. D. Ross against Nannie L. Golding and M. G. Haskell. Judgment for plaintiff, and defendant Haskell brings error. Dismissed.

Branson, Alcorn & Armstrong, for plaintiff in error.

Neff & Neff, for defendant in error.

TISINGER, J. This case comes from the district court of Muskogee county, where P. D. Ross recovered a money judgment against Nannie L. Golding and M. G. Haskell, at the

November, 1917, term. M. G. Haskell, one of the defendants in that court, brings the case here by petition in error and case-made.

The defendant in error has filed his motion to dismiss the appeal on two grounds: (1) That Nannie L. Golding, a joint judgment debtor with M. G. Haskell, was not made a party to the proceeding to reverse such judgment and was not served with the case-made or summons in error. (2) That the judgment appealed from was a judgment against Nannie L Golding and M. G. Haskell, as sureties upon an appeal bond; that the plaintiff M. G. Haskell has acquiesced in the judgment recognized its validity, and waived his right to appeal therefrom by filing suit in the district court of Muskogee county against the principals on the bond to enforce payment of the amount of the judgment recovered against him and his co-defendants.

As to the first ground of the motion to dismiss, an examination of the record shows that the judgment appealed from was rendered against Nannie L. Golding and M. G. Haskell on the 1st day of December, 1917; that Nannie L. Golding did not appear at the trial and take part in the proceedings; and that, at the time the judgment was rendered, M. G. Haskell gave notice in open court of his intention to appeal to the Supreme Court. The appeal is therefore governed by the provisions of section 1, c. 219, Session Laws 1917, p. 403, approved on March 23, 1917, and it was not necessary that Nannie L. Golding be made a party to the appeal, or that she be served with the case-made or a summons in error. This act having become effective before the judgment appealed from was rendered, the proceedings on appeal from such judgment are governed thereby.

We are of the opinion that the second ground of defendant in error's motion to dismiss is well taken and should be sustained. By bringing suit in the district court of Muskogee county to compel the principals on the appeal bond to pay him the amount of the judgment which had been recovered against him in that court, as surety on such bond. plaintiff in error expressly recognizes the validity of the judgment and waives his right to appeal therefrom or to bring error to reverse it. The rule is that any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom, or to bring error to reverse it. 2 Cyc. 676: City of Lawton v.

Ayres, 40 Okla. 524, 139 Pac. 963; Barnes v. Lynch, 9 Okla. 11, 59 Pac. 995; Elliott v. Orten, 69 Okla. 233, 171 Pac. 1110.

The appeal in this case is therefore dismissed.

All the Justices concur.