MARY GERBIG, Appellant, *v.* OSCAR GERBIG, Respondent.

No. 3322

December 21, 1940.  108 P. (2d) 317.

*Albert Hilliard,* for Appellant.

*Robert Taylor Adams* and *Martin Evansen,* for Respondent.

## OPINION

By the Court, DUCKER, J.:

Several motions are before us, respectively, for allowances, to dismiss the appeal from the judgment, from the order denying the motion for a new trial, and to strike all of the record on appeal.

A divorce was granted respondent on the 1st day of June 1940, and the judgment entered on the 18th day of June 1940. It was ordered therein that plaintiff (respondent) pay to defendant (appellant) the sum of $50 per month for the period of four months beginning on the 1st day of June 1940, and that defendant vacate the premises now occupied by her in the town of Hawthorne, Nevada, on or before the 1st day of July 1940. Appellant's motion for a new trial was denied on June

17, 1940, and notice thereof served on her on the twentieth day of that month. A notice of appeal from the judgment and from the order denying appellant's motion for a new trial and an undertaking on appeal were filed with the clerk of the supreme court on August 1, 1940.

The judgment roll and a transcript of the proceedings in the lower court were filed with the clerk of the supreme court on the 4th day of September 1940. Time for filing a bill of exceptions was not extended.

■ We will consider respondent's motions to dismiss the appeal from the judgment and from the order denying the motion for a new trial. These motions were made upon the grounds (1) that no appeal has been taken in either case, and (2) because appellant has waived the right of appeal and is estopped. The first objection is clearly good. Section 9385.61 N. C. L. provides how an appeal shall be taken and perfected, which must be done in the court where the judgment or order appealed from is entered. It appears from the affidavit of the clerk of the court in which the judgment was entered that neither a notice of appeal nor undertaking on appeal was filed in that court. Hence no appeal has been taken.

■ As to the order denying the motion for a new trial, no appeal can now be taken. Section 9385.60 N. C. L. specifies the time within which such an appeal can be taken, which must be "within sixty days after service by the prevailing party in the action or proceeding upon the unsuccessful party thereto, of a written notice that the order has been made and entered in the minutes of the court." Such notice was served on appellant, as heretofore stated, on the 20th day of June 1940. Consequently, the time for taking an appeal from the order denying a new trial has expired.

■ The second objection is equally good, both as to the judgment and order denying the motion for a new trial. Appellant is estopped from taking an appeal in

either instance, because she has accepted a benefit awarded in the judgment. It appears she has voluntarily accepted the sum of $50 for the month of June 1940, awarded her in the judgment of divorce.

■■ The case on this phase falls within the general rule that a party who has voluntarily accepted the benefits of a judgment waives his right to prosecute an appeal from it. 2 Am. Jur. pp. 975, 976. The rule is applicable in a divorce action in which a divorce is granted the husband and alimony awarded to and accepted by the wife. 2 Am. Jur. p. 981; 9 R. C. L. 467. The court in Harris v. Harris, 67 App. D. C. 85, 89 F. (2d) 829, 830, quoting from the former authority, said: "It is held by the authorities without exception, so far as we can discover, 'where a divorce is granted against the wife to whom an award of alimony is made, that, by accepting the alimony, she is precluded from taking and prosecuting an appeal from the decree of divorce.' "

See, also, McCaleb v. McCaleb, 32 Cal. App. 648, 163 P. 1045; Storke v. Storke, 132 Cal. 349, 64 P. 578; Yates v. Yates, 60 Okl. 217, 159 P. 1107; Spratt v. Spratt, 140 Minn. 510, 166 N. W. 769, 167 N. W. 735; Williams v. Williams, 6 N. D. 269, 69 N. W. 47.

The instant case is distinguishable on the facts from Cunningham v. Cunningham, 60 Nev. 192, 105 P. (2d) 398, recently decided. There the wife was granted a divorce from which no appeal had been taken, and the time for taking the same had expired. She appealed only from property and alimony awards. The property and alimony awarded her under the facts of the case belonged to her as a matter of right, and it was held that she was not estopped from prosecuting her appeal for more. The case fell within an exception to the general rule which governs this case. Here the alimony awarded and accepted by the wife was not hers as a matter of right, as the divorce was granted the husband. She not only accepted the sum of $50 awarded for the month of June, but is desirous of receiving the balance

of the alimony awarded. This appears from the following in her affidavit: "That the only money of any kind that appellant now has or is in prospect of having, beyond small sums borrowed from friends, is the sum of $200 ordered paid her by the court at the rate of $50 per month beginning on June 1, 1940, and even of that sum the respondent has failed to pay her the installment of $50 due on July 1, 1940."

■ She is precluded from taking and prosecuting an appeal from the judgment. It does not follow, however, that respondent's motion to dismiss the appeal should be granted. No appeal has been taken, or can be taken. There is, therefore, nothing to dismiss. The motion to dismiss should be denied.

The notice of appeal, undertaking on appeal, and purported record on appeal should be stricken from the records of this court.

It is so ordered.