FRED C. HUMMEL, AND PEARL S. HUMMEL, HIS WIFE, APPELLANTS, *v.* W. LYNN ROBERTS, RESPONDENT.

No. 3756

January 12, 1954.                    265 P.2d 219.

See also 69 Nev. 154, 243 P.2d, 248.

*Thomas J. D. Salter,* and *Brown and Murphy,* of Reno, for Appellants.

*James A. Callahan,* of Winnemucca, and *Griswold, Vargas & Bartlett,* of Reno, for Respondent.

**OPINION**

By the Court, EATHER, C. J.:

Plaintiff in the court below obtained on February 9, 1953, a judgment reforming and requiring specific performance of an option and contract for the purchase of

land and cattle by him from defendants upon payment of part of the purchase price in cash and the execution of a first mortgage for the remainder, which judgment directed defendants to execute and deliver the necessary title documents, all in accordance with the option.

The contract was made September 26, 1949, and called for completion on November 1, 1949. However, defendants declined to perform and plaintiff was forced to prosecute this action to obtain performance. The case was here before (69 Nev. 154, 243 P.2d 248) on a preliminary matter and the subsequent trial resulted in the judgment from which this appeal was filed by defendants. No supersedeas bond has been filed. Plaintiff has moved for a dismissal of the appeal on the ground that defendants have voluntarily accepted the fruits of the judgment, to which otherwise they would not be entitled, and are estopped to maintain this appeal.

We conclude that the motion should be granted.

The contract called for payment by plaintiff of $25,000 in cash on or before November 1, 1949, and the execution of a mortgage which would require annual payments until the full purchase price had been paid. Plaintiff made a timely tender under the option but defendants refused to accept it. Several years have passed during this litigation and it became a question as to whether plaintiff should be required to pay only $25,000 to obtain deed and bill of sale or add thereto the three annual payments, aggregating $19,500, which would have been payable if the transaction had been completed at the time stated in the option and no litigation had been conducted. The judgment reformed the contract as to the description of the property and ordered performance according to its terms, without specifying an amount to be paid by plaintiff. After the court announced its judgment a subsequent hearing was held before the trial judge without objection by defendants to determine the amount to be paid before defendants should be required to deliver deed. The court determined, over objection by plaintiff, that $44,500 in cash must be paid and that

decision was announced orally at the close of the hearing. Thereupon, in open court, plaintiff tendered two certified checks aggregrating $44,500 and counsel for defendants accepted them and asked if the deed had been prepared. On the same day a deed and bill of sale were executed by defendants and they accepted from plaintiff a note and a mortgage for the remainder of the purchase price. Inasmuch as the contract called for nothing but a sale and purchase, it is obvious that defendants are entitled to nothing from plaintiff if that contract is not performed and if the judgment were reversed or new trial granted by this court, defendants could not retain what they have accepted.

By their appeal, they ask this court to relieve them from the duty of delivering title to plaintiff and they seek the entire abrogation of the option. Their acceptance of the money, note and mortgage was certainly inconsistent with their contention in the appeal.

Plaintiff relies upon Preluzsky v. Pac. Co-Operative Co., 195 Cal. 290, 232 P. 970, 971, wherein the facts were very similar to those in the case at bar. Defendant was ordered to specifically perform a contract for the assignment of a lease and if he did not comply within a specified time the clerk of the court was directed to execute the necessary assignment. When defendant declined to obey, plaintiff paid the purchase price to the clerk and the latter executed and delivered the assignment. Thereafter, defendant took the money from the clerk but insisted that he could still maintain his appeal from the judgment. The Supreme Court of California dismissed the appeal, calling attention to the fact that a reversal of the judgment would result in defendant having accepted something he would not be entitled to keep. The court said: "Appellant cannot be permitted to thus seek to destroy the entire judgment while retaining the benefit thereof." The court referred to the rule that an appellant is not estopped to maintain an appeal if he is at all events entitled to have what he has received and

merely seeks more. The rule was not applicable in that case, nor is it here. We quote from the opinion in that case:

"But if a party to a judgment accepts payment or satisfaction of a part thereof which is favorable to him, and that part is of such a character that the part adverse to him cannot be reversed without affecting the part which is in his favor and requiring the reversal of that part also, the party so accepting the fruits of a part of the judgment in his favor is estopped from prosecuting an appeal from those parts which are against him."

The court went on further:

"It is manifest, therefore, that the defendant having received, accepted, and retained the full purchase price for the assignment of the lease, cannot now be heard to maintain upon appeal that the plaintiff was not entitled to the specific enforcement of the contract for such assignment. Defendant is not entitled to the money unless plaintiff gets the property."

What we said in Cunningham v. Cunningham, 60 Nev. 191, at 197, 102 P.2d 94, 105 P.2d 398, 400, is quite similar; it is as follows:

"Where a reversal upon the plaintiff's appeal would require him to refund to the defendant money or property which he has obtained under the judgment, there is reason for holding that the acceptance of the benefits of the judgment is a waiver of the right of appeal. Having elected to receive the fruits of the judgment, he is estopped from attempting to destroy the very foundation of his right to receive them."

The principle was applied in Gerbig v. Gerbig, 60 Nev. 292, 108 P.2d 317.

Defendants say that the Preluzsky case has been disapproved in later cases, but we cannot agree. They cite Mackay v. Whitaker, 112 Cal.App.2d 112, 245 P.2d 521, 524, but the opinion in that case refers to the general rule which we apply here and it cites the Preluzsky case as authority. The court states in the Mackay opinion

that the rule "has no application, however, where the benefits accepted are such that appellant is admittedly entitled to them, or where they would not be affected by the appeal." The court then concluded that the facts of that case came within the exception stated and the general rule did not apply. We see nothing there to cast any doubt whatever on the Preluzsky decision.

Defendants also cite Reitano v. Yankwich, 38 Cal.2d 1, 237 P.2d 6, but there again the court referred to the Preluzsky case in support of the rule that acceptance of benefits under a judgment by a party entitled to them in any event does not bar an appeal by him if the reversal or a new trial would not put in jeopardy the benefits so accepted. The facts of the Reitano case were unlike those in the Preluzsky case and the case at bar. It was there held that the payment of costs by plaintiff did not bar him from prosecuting an appeal from the judgment against him. No slight doubt or criticism was there raised as to the decision in the Preluzsky case.

Our research has disclosed an annotation in 29 L.R.A. (New Series) at page 1, which concludes with this statement, on page 37, which we approve:

"Under the operation of the general rule, no litigant is permitted a review of an entire judgment or decree, all parts of which are mutually interdependent, after he has acquiesced in its terms by enforcing it or taking advantage of the provisions in his favor. The rule applies to all judgments and decrees which finally adjudicate the whole controversy between or among the parties, and award reciprocating benefits to opposing disputants."

That annotation refers to Easton v. Lockhart, 62 N.D. 767, 89 N.W. 75, where plaintiff in possession of land sued for specific performance of defendant's contract to sell that land to him and the court entered judgment for defendant but allowed plaintiff a sum to compensate him for the crops he had planted and which were still standing. Defendant immediately appealed but also took possession of the land and harvested the crops without

making any payment to plaintiff. The Supreme Court of North Dakota dismissed the appeal on the ground that defendant's right to the crops was conditioned upon payment and that he could not take them and appeal from the judgment which imposed the condition.

Another case in the annotation is Murphy v. Spaulding, et al., 46 N.Y. 556, where Murphy agreed to purchase land which the seller declined to convey on the ground that there was a prior contract to convey to another. Murphy asked specific performance or damages. The court determined that Spaulding was entitled to the land and Murphy to damages. Murphy appealed from that part of the judgment awarding the land to Spaulding. The appeal was dismissed for the reason that if Murphy were awarded the land he could not also have damages and by his acceptance of the portion of the judgment awarding damages he was estopped from attacking the remainder of the judgment. The court said the provisions of the judgment were connected and dependent.

Defendants also contend, although erroneously, that they accepted the money and the instruments of indebtedness and they delivered the deed and bill of sale under compulsion and, therefore, the rule should not operate against them. It is true that the judgment directed them to perform the option contract and their obligation thereunder was to execute the conveyances of the real and personal property. However, inasmuch as the judgment provided that if they did not deliver the deed and bill of sale within a specified time the clerk of the court was directed to do so after performance by plaintiff of his part of the contract, defendants could have permitted that part of the decree to become operative and left the money and documents in the possession of the clerk of the court until the determination of the appeal.

We notice that after accepting tender by plaintiff at the hearing, counsel for the defendant referred to the accounting aspect of the case, which had been ordered as part of the judgment and the possibility that such

accounting might show an additional amount owing from plaintiff to defendants, and counsel inquired if the court desired that defendants execute the deeds "even with that question." The court replied: "I am not ordering you to do anything at this time." The record does not indicate the slightest pressure upon the defendants, and certainly no threat of action for contempt of court. We cannot escape the conclusion that the act of defendants was entirely voluntary.

It was suggested by defendants at argument before this court that they would have no security for the payment by plaintiff if they complied with the judgment by delivering the deeds and had declined to accept performance by the plaintiff. They would have been protected by the judgment, for it was just as much a declaration of plaintiff's obligation to pay as defendants' to convey. A proper record of that judgment would have been sufficient warning to a third-party purchaser from plaintiff. And the down payment would of course have remained impounded in the hands of the clerk.

Defendants insist that they always intended to prosecute their appeal but we must look at what they have done as evidence of their intention. There seems to be no doubt that they intended to take the money and note obligation of plaintiff. That act is conclusive against them.

The appeal is dismissed with costs to plaintiff.

MERRILL and BADT, JJ., concur.