BASIC REFRACTORIES, INC., A CORPORATION, APPEL-
LANT, *v.* WILLIAM C. BRIGHT AND WILLIAM C.
BRIGHT, JR., CO-PARTNERS DOING BUSINESS UNDER
THE FICTITIOUS NAME AND STYLE OF WILLIAM C.
BRIGHT AND SON; HAROLD W. GOODWIN, DOING
BUSINESS UNDER THE FICTITIOUS NAME AND STYLE
OF NEVADA PAINT AND FLOOR SERVICE; AND
ENTERPRISE ELECTRIC CO., INC., A CORPORA-
TION; H. R. CURL; READY–MIX CONCRETE
COMPANY, A CORPORATION; SAVIERS ELEC-
TRICAL PRODUCTS INC., A CORPORATION;
PETERSON–McCASLIN LUMBER COMPANY, A
CORPORATION; JACQUES MORVAY, RESPONDENTS.

No. 3875

July 29, 1955. 286 P.2d 747.

*Sidney W. Robinson* and *Vargas, Dillon & Bartlett,*
all of Reno, for Appellant.

*Stewart and Horton,* of Reno, for Respondents William
C. Bright, William C. Bright, Jr., Harold W. Goodwin,
and Enterprise Electric Co., Inc., a Corporation.

*Goldwater, Taber & Hill,* of Reno, for Respondent H.
R. Curl.

*Springmeyer & Thompson,* of Reno, for Respondent Ready-Mix Concrete Company, a Corporation.

*John S. Halley,* of Reno, for Respondent Saviers Electrical Products Inc., a Corporation.

*Wilson & Brown,* of Reno, for Respondent Peterson-McCaslin Lumber Company, a Corporation.

*Lohse & Fry,* of Reno, for Respondent Jacques Morvay.

## OPINION

By the Court, BOWEN, District Judge:

Respondents have moved to dismiss the appeal of Basic Refractories, Inc. and in addition thereto have filed a supplementary motion to dismiss that appeal. To understand the basis for such original motion and the arguments in opposition thereto we deem it advisable to set forth certain facts and procedural matters upon which the original motion is based.

On December 1, 1952, appellant, Basic Refractories, Inc., hereinafter referred to as "Basic" leased certain real property located at Gabbs, Nevada, from the Reconstruction Finance Corporation and the United States of America, both acting by and through the Administrator of General Services, for a term of ten years. On May 1, 1953, The Standard Slag Company, hereinafter referred to as "Standard" entered into a written agreement with Basic by which agreement the parties mutually agreed to the use and operation of the leased premises. Also it was agreed that Standard should erect not more than twenty multiple four-unit residential dwellings, which upon completion were to become the property of Basic. A provision was contained in the agreement that the property should "be free and clear of any liens, claims or encumbrances whatsoever, except the lease." John C. Long as the Long Construction Company thereafter agreed with Standard to construct three four-unit dwellings and likewise agreed to furnish a "contract bond" upon which the Globe Indemnity Company was surety in the sum of $30,294.50, being one half of the contract price. Although Long Construction Company was fully paid according to the terms of its contract with Standard it failed to pay certain labor claims and claims for material. As a result, respondents Goodwin, Bright and Enterprise Electric Company filed an action against Basic, Standard and the United States of America to establish and foreclose their respective liens.

The United States of America was not served and did not appear in the action. Basic thereafter filed its cross claim against Standard, which in turn filed its third party complaint against Globe Indemnity Company. Globe Indemnity Company then cross-complained against the Long Construction Company.

Trial of the action in which other lien claimants joined was upon an agreed stipulation of facts.

Prior to giving a judgment and decree foreclosing respondents' mechanics liens on January 31, 1955, the trial court rendered an opinion on January 11, 1955, in

which the court recognized that Basic, Standard and Globe Indemnity Company had certain successive claims and in that opinion it was stated as follows:

"As to the issues between Basic Refractories and Standard Slag, the former in its cross-complaint against Standard Slag demands judgment against the latter for such amounts as may be determined that Basic Refractories has been damaged, or for a decree requiring Standard to perform specifically by clearing the liens. Basic and Standard have stipulated in writing that the latter shall save Basic harmless from any judgment entered in favor of the lien claimants, and that Standard may have twenty (20) days after judgment in which to answer to the cross-complaint. Accordingly Standard will be allowed twenty (20) days after entering of the Judgment of foreclosure in which to file and serve its answer.

"In the pleadings issues are raised between Standard Slag Company and Globe Indemnity Company. Standard Slag in its third party complaint demands judgment against the Globe Company for all sums to the extent of the written bond that may be adjudged against Standard Slag. Globe in its answer sets up affirmative defenses, all of which have been denied by the Court in the above determination relative to the validity of the lien claims. The Standard Slag Company may apply for judgment as it may be advised.

"Globe Indemnity Company filed its third party complaint against John C. Long, upon which the default of the defendant was duly entered. Globe Company likewise may apply for judgment, as it may be advised."

Notwithstanding the fact that the trial court recognized the existence of the other claims as noted in its opinion, the trial court in accordance with the provisions of Rule 54(b) N. R. C. P., which permits multiple judgment, entered a final judgment against appellant only and made the specific finding that there was no just reason for delay in entering the judgment against Basic.

On February 14, 1955, appellant moved for summary

judgment requiring Standard to either specifically perform its written agreement of May 1, 1953 and to satisfy or clear all liens, claims or encumbrances, or in lieu thereof demanded judgment in the sum of $29,077.22, together with attorney's fees, interest and costs. This motion was granted on February 17, 1955. Thereafter Standard moved for and obtained an order for summary judgment against Globe Indemnity Company. Basic filed its notice of appeal on March 2, 1955, and Standard filed its notice of appeal on March 22, 1955. A cross appeal was filed by Standard on May 13, 1955 from that portion of the summary judgment entered against Globe Indemnity Company on April 11, 1955. Appeals by Basic, Standard and Globe Indemnity together with the cross appeal of Standard are now pending in this court. A motion to consolidate these appeals has been filed but has not been heard.

We shall proceed to discuss the original motion to dismiss the appeal. It is the contention of the respondents that appellant accepted the benefits of the judgment of January 31, 1955 by moving for summary judgment against Standard and that it either impliedly waived, or is now estopped to assert its right to have such judgment reviewed by this court.

Appellant concedes that one may not accept the benefits of a judgment and at the same time appeal therefrom but asserts that such a rule applies to a single judgment situation in which the rights of all parties before the court are adjudicated, and says that while the opinion and decision of the trial court was final as to the various lien claimants and Basic, that opinion nevertheless provided in effect for multiple judgment as among the several parties, each of which was entitled to have a final judgment defining its rights without running the risk of waiving the right to review and that the primary judgment set in motion a series of proceedings for the establishment of secondary judgments, none of which could be said to result from an acquiescence in the validity of the primary judgment.

The general rule with respect to the waiver of the right of appeal has been adequately set forth in 4 C.J.S. Appeal and Error, sec. 212, p. 396, to be as follows:

"A party who voluntarily acquiesces in, ratifies or recognizes the validity of a judgment, order or decree against him, or otherwise takes a position which is inconsistent with the right to appeal therefrom, thereby impliedly waives, or is estopped to assert, his right to have such judgment, order, or decree reviewed by an appellate court; * * *. However, in order to be a bar of the right of appeal on the ground of acquiescence, the judgment or decree must have been rendered and entered, and the acts relied on, as a waiver or estoppel on such ground, must be such as to clearly and unmistakably show an inconsistent course of conduct or an unconditional, voluntary, and absolute acquiescence, with the intent, as has been held to ratify or confirm the judgment as rendered and to acquiesce and abandon the right of appeal. 'Acquiescence', as used in this connection implies consent and is not the same as an 'admission' of the correctness of the judgment and in order to effect a waiver, there must be some intent to enjoy a benefit from or base some interest on, the judgment appealed from. * * *"

Accepting the above statement as a correct interpretation of the law of waiver of the right to appeal the primary inquiry is whether the act of the appellant when it moved for summary judgment against Standard was such as to clearly and unmistakably show an unconditional, voluntary and absolute acquiescence with the intent to ratify the judgment and to waive its right of appeal.

The question presented herein is not the usual one as found in Hummel v. Roberts, 70 Nev. 225, 265 P.2d 219, Cunningham v. Cunningham, 60 Nev. 191, 192, 102 P.2d 94, 105 P.2d 398, or Gerbig v. Gerbig, 60 Nev. 292, 108 P.2d 317, where in each case there was a single

judgment in which the appellant in fact accepted the fruits of the judgment and thereafter appealed. Rather we are presented with a much more unique situation brought about by the fact that while the trial court failed to adjudicate completely the entire matter and settle the several controversies presented for its determination in one judgment, it nevertheless suggested and in fact recognized appellant's right of action against Standard and in turn Standard's right of action against Globe Indemnity Company. Under those circumstances each party to the action was entitled to have a final judgment defining its rights upon the issues presented without running the risk of waiving any of its rights to have all issues made the subject of review and as we view it the actions of all the parties in securing their respective judgments were predicated upon a desire to secure final judgments capable of review by this court but not in recognition of the primary judgment rendered against Basic.

Respondents have asserted that appellant enforced the judgment when it moved for summary judgment after the entry of the primary judgment. Such an assertion is not borne out by the facts in this particular case and neglects to consider the multiple nature of the judgment entered and the court's suggestion to the several parties as contained in the trial court's opinion. Actually appellant has not sought to enforce the judgment but merely has sought to secure to itself the rights set forth in the trial court's opinion.

Haskell v. Ross, 71 Okla. 46, 175 P. 204 and Fidelity and Deposit Co. v. Kepley, 66 Kan. 343, 71 P. 818, cited by respondents, both involve single judgment situations in which the surety against whom a judgment had been obtained filed suit against the principal for the amount of the judgment from which it had previously appealed, and are distinguishable from our present multiple judgment situation in which a secondary judgment has been entered, not as an affirmation of the primary judgment, but as a means to securing those rights afforded to

appellant under the operating contract and the trial court's opinion and decision.

We have noted that successive appeals have been filed in this court. If the present motion were granted and the other appeals decided in favor of the appellants such a granting of the present motion to dismiss could result in the enforcement of an invalid judgment against appellant, the invalidity of which, as appellant says, would be established in connection with the determination of the other appeals herein referred to.

Under all the circumstances, we firmly believe that the ends of justice would be better served if this motion were denied to the end that the appeal may be heard on the merits.

Respondents' supplementary motion to dismiss the appeal is based upon three propositions, first, that appellant failed to serve with its designation of the record on appeal a concise statement of the points on which it intended to rely as required by Rule 75 (d) N.R.C.P., (appellant not having designated the entire record); second, that appellant failed to serve such statement of points within the ten-day period of time in which respondents could serve and file a designation of additional portions of the record as provided by Rule 75 (a) N.R.C.P. even though respondents served appellant with a Demand for Statement of Points; and third, that respondents have been prejudiced by appellant's failure to serve its statement of points.

The present motion is based upon Rule 75 (a) of the Nevada Rules of Civil Procedure, which reads as follows:

"(a) Designation of Contents of Record on Appeal. Promptly after an appeal is taken, the appellant shall serve upon the appellee and file with the district court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal, unless the appellee has already served and filed a designation. Within 10 days after the service and filing of such a designation, any other party to the appeal may

serve and file a designation of additional portions of the record, proceedings, and evidence to be included. If the appellee files the original designation, the parties shall proceed under subdivision (b) of this rule as if the appellee were the appellant."

Rule 75(d) reads as follows:

"(d) Statement of Points. No assignment of errors is necessary. If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal."

While there is no question that Rule 75(d) of the Nevada Rules of Civil Procedure is designed to provide respondent with information of the points to be relied upon in order that he may determine whether or not the matter designated for inclusion is sufficient to enable him to answer the contentions of appellant and if it is not sufficient the respondent "may serve and file a designation of additional portions of the record, proceedings and evidence to be included," nevertheless if the appellant fails to designate the entire record and fails to serve the required statement of points upon which he intends to rely there still must be a showing that the respondent has been prejudiced thereby. Keeley v. Mutual Life Insurance Co. of New York, 7 Cir., 113 F.2d 633. A thorough review of the entire record before us clearly indicates that respondents have not been prejudiced and accordingly the supplementary motion to dismiss the appeal is likewise denied.

BADT and EATHER, JJ., concur.

MERRILL, C. J., being disqualified, the Governor designated HONORABLE GRANT L. BOWEN, Judge of the Second Judicial District Court, to sit in his place.