PASO BUILDERS, INC., a California Corporation, Appellant, v. R. T. HEBARD, et al., Respondents.

No. 5025

September 8, 1966

417 P.2d 910

*Morton Galane,* of Las Vegas, for Appellant.

*Bell, Morris & Little; Michael L. Hines; James E. Rogers;* and *John Peter Lee,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

Relying upon Rule 75 (g),[1] the respondents have filed a motion to require the clerk of the district court to

---

[1] NRCP 75(g) reads: "The clerk of the district court, under his hand and the seal of the court, shall transmit at the expense of appellant, to the appellate court and to counsel for each party appearing separately, a true copy of the matter designated by the parties, including the designated portions of the reporter's transcript filed pursuant to subdivision (b) of this rule, but shall always include, whether or not designated, copies of the following: the material pleadings without unnecessary duplication; the verdict or the findings of fact and conclusions of law together with the direction for the entry of judgment thereon; in an action tried without a jury, the master's report, if any; the opinion; the judgment or part thereof appealed from; the notice of appeal with date of filing; the designations or stipulations of the parties as to matter to be included in the record; and any statement by the appellant of the points on which he intends to rely. The matter so certified and transmitted constitutes the record on appeal. The copy of the transcript filed as provided in subdivision (b) of this rule shall be certified by the clerk as a part of the record on appeal and the clerk may not require an additional copy as a requisite to certification."

transmit, at the expense of the appellant, to this court and to counsel for each party appearing separately, a true copy of the record on appeal. The question raised by the motion is whether the appellant and the clerk of the district court are obliged to act as requested when the district court entered an ex parte order in accordance with Rule 75 (i) [2] that the original papers and exhibits be sent to the appellate court in lieu of copies. There exists a disparity in practice and a difference in point of view among the members of the bar on this question which we hope to eliminate by this opinion.

1. Preliminarily, we note that in this case the appellant designated the complete record and all the proceedings and evidence in the action as authorized by implication by Rules 75 (a) and (d), thus obviating the need to serve with its designation a concise statement of the points upon which it intends to rely. NRCP 75 (d) ; Basic Refractories v. Bright, 71 Nev. 248, 286 P.2d 747 (1955). Included as a part of the record so designated is a reporter's transcript of testimony. We mention this particularly since Rule 75, when read as a whole, and especially parts (g), (i) and (o) thereof, requires that when a reporter's transcript is designated as a part of the record on appeal, the appellant must pay for and furnish a copy of the transcript to each party appearing separately.[3] Indeed, the appellant concedes that the respondents' motion is valid insofar as the reporter's transcript is concerned. However, the appellant denies that he must also pay for and furnish a copy of the original papers to each party appearing separately when the district court has ordered them sent to this court in lieu of copies. As to this, we agree with the appellant.

_____

[2]NRCP 75 (i) provides: "Whenever the district court is of the opinion that original papers or exhibits should be inspected by the appellate court or sent to the appellate court in lieu of copies, it may make such order therefor and for the safekeeping, transportation, and return thereof as it deems proper."

[3]Parts of Rule 75 were amended following the decision of this court in Tryba v. Fray, 74 Nev. 320, 330 P.2d 499 (1958).

2. The main purpose in providing for an appeal on the original papers is to save expense. 8 F.R.D. 143, 145. As a general proposition, each party appearing separately in the action has, during the course of the litigation, been served with a copy of each original paper (pleadings, findings, conclusions, judgments, notices, motions, stipulations, master's reports, etc.) officially on file with the clerk of the court. Consequently, there does not exist a need for the appellant to supply his opponents with copies of original papers. An inconvenience and expense can be eliminated without prejudice to anyone. The same reasoning does not apply to the reporter's transcript. Normally, a transcript is not prepared unless it is ordered by the losing party who needs it for a contemplated appeal. His opponent does not have a copy in his files. For this reason the writers of Rule 75 (g) and (o) required the appellant to pay for and furnish a copy of the transcript to each party appearing separately. Therefore, we hold that whenever a reporter's transcript is designated as a part of the record on appeal, the appellant must pay for and furnish a copy of that transcript to each party appearing separately; and, when the district court (or this court) orders an appeal on the original papers, the appellant need not pay for and furnish a copy of those papers to each party appearing separately. The original papers contemplated by Rule 75 (i) and (o) do not include a reporter's transcript.

3. The district court's order for transmission of the original papers in lieu of copies was made ex parte. The respondents contend that an ex parte order is not authorized. We do not agree. Though true that Rule 75 (i) does not specifically authorize the order to be made ex parte, Rule 75 (o) contemplates an ex parte order for the transmission of original papers when the request is presented to the Supreme Court, thus establishing the propriety of an ex parte order of this kind. We perceive no good reason for a different procedure when application for such an order is addressed to the district court.

4. Initially, we mentioned a disparity in practice among the members of the bar when an order for transmission of the original papers is made. This comes about because the rule is silent as to what should occur after such an order is obtained. The rule does state that the district court shall make appropriate provision "for the safekeeping, transportation, and return thereof as it deems proper." Sometimes the original papers are sent to this court before the respondents have had an opportunity to conform their office copies and prepare their own record for the appeal. If respondent's counsel practices in a locality other than Carson City, the inconvenience is evident. In such event, we offer two suggestions. First, when served with a copy of a court order for the transmission of the original papers, the respondent's counsel should immediately contact the clerk of the district court and conform his office file to the record which the clerk will transmit. This practice is common among attorneys practicing in some parts of our state, but is not followed elsewhere. Second, if counsel has, for good cause, failed to conform his office file as just suggested, and the original has been sent to this court, he may file a motion with us that the original papers be returned to the district court in order that he may conform his office file. If such a motion is filed, and good cause is shown in support thereof, we will enter an appropriate order.

In this case we order that the original papers, now on file with the clerk of this court, be returned forthwith to the district court to allow counsel for respondents an opportunity to conform their office records. They are to do so within 10 days after the clerk of the district court receives the file from this court. The appellant is ordered to pay for and furnish a copy of the reporter's transcript to each party appearing separately within 10 days after the clerk of the district court receives the file from this court.

BOWEN, D. J., concurs.

COLLINS, J., concurring in part; dissenting in part.

I concur with certain parts of the majority opinion

but dissent with others. I agree that whenever a reporter's transcript is designated as part of the record on appeal, the appellant must pay for and furnish a copy of that transcript to each party appearing separately. I also agree that when a district court, or this court, orders an appeal on the original papers, the appellant need not pay for and furnish a copy of those papers to each party appearing separately.

I disagree, however, that a district court (as distinguished from this court) can make an order for transmission of the original papers, in lieu of copies, ex parte. Especially should that be so where the order is sought by one of the parties to the appeal, as was the case here. A careful reading of Rule 75 NRCP indicates the record on appeal should consist of *copies* of those portions of the record designated, with the originals of the documents to remain with the clerk of the district court. The exception to this general rule is stated in Rule 75(i).[1] No doubt there may be many occasions where it is desirable or even necessary for original papers or exhibits to be sent to the appellate court; i.e., a unique document or exhibit which could not be adequately reproduced by copy. There is authority for either the district court or this court to make such order. This court by express rule may make such order "without or with motion or notice." Rule 75(o).[2] The rule is not so liberal with the district court and it should not be so interpreted by decision of this court. If the rule is to be rewritten, let it be done in the manner contemplated by law.

Rule 75(o) does not say the district court can make the order ex parte, especially where the application for the order is by one of the parties and not of the court's own motion. It is silent on that point and I therefore feel

---

[1] "(i) Order as to Original Papers or Exhibits. Whenever the district court is of the opinion that original papers or exhibits should be inspected by the appellate court or sent to the appellate court in lieu of copies, it may make such order therefor and for the safekeeping, transportation, and return thereof as it deems proper."

[2] "(o) Transmission of Original Papers. Whenever the Supreme Court, without or with motion or notice, orders the hearing of an appeal on the original papers, the clerk of the district court shall transmit them to the appellate court in lieu of the copies provided by this Rule 75. * * *"

other rules relevant to obtaining "orders" should be followed. Rule 7(b)(1) NRCP requires that "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Rule 5(a) NRCP provides, "Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, *designation of record on appeal*, and similar paper shall be served upon each of the parties. * * *" The granting of an an ex parte order upon application of any party to an action should be discouraged or prohibited entirely unless clear authority appears for it. Ex parte orders are the bane of the trial court and should not be encouraged by construction of rules by this court.

If, in this case, a motion had been made to the district court for an order sending the original record to this court, with notice to respondent, all the problems created by that circumstance could have been avoided. The trial court could have made such orders as were fair to each party to the appeal and avoided the entire controversy in this court with attendant expense and delay to the parties. Furthermore, I do not approve the idea of this court making "suggestions" to the trial courts or parties. Our pronouncements should be in the form of binding rules and orders.