# IN THE SUPREME COURT OF THE STATE OF NEVADA

JONATHAN H. KING; ESTATE OF
NATALIE N. WALLIN; AND NORMAN
L. WALLIN,
Appellants,
vs.
DENISE M. COSTELLO,
Respondent.

No. 71343

FILED

FEB 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a final judgment and award of attorney fees in a quiet title action. First Judicial District Court, Carson City; James E. Wilson, Judge.

In 1991, Natalie Wallin, represented by appellant Jonathan King, obtained a judgment lien on real property belonging to non-party Douglas Goedert for child support arrearages. Goedert subsequently devised the subject property to respondent Denise Costello. Natalie passed away in 2006, and appellant Norman Wallin acquired Natalie's interest in the judgment lien. Thereafter, Goedert passed away, and Costello petitioned to set aside his estate without administration under NRS 146.070(2)[1] because the value of his estate did not exceed $100,000. Norman opposed the petition and requested that the district court adjudicate the validity of his lien against the subject property. The district court granted Costello's petition without adjudicating Norman's lien

---

[1]NRS 146.070(2) (2013) provides, in relevant part, that "[i]f there is no surviving spouse or minor child of the decedent and the gross value of a decedent's estate, after deducting any encumbrances, does not exceed $100,000, upon good cause shown, the court shall order that the estate not be administered upon, but the whole estate be assigned and set apart" for the payment to certain individuals.

18-07338

because it determined that Norman was not a contemplated creditor entitled to payment under NRS 146.070.

Subsequently, Costello filed a quiet title action against King, Norman, and the estate of Natalie (collectively, appellants), alleging that the subject property passed to her free of appellants' lien. Appellants moved to dismiss Costello's quiet title action with prejudice, arguing that their judgment lien on the subject property was still valid. The district court denied appellants' motion, concluding that appellants' lien was extinguished during the prior probate proceeding when that proceeding set aside the estate without administration, and thus, appellants' claim was barred under the doctrine of issue preclusion. Costello then moved for summary judgment, to which appellants filed a notice of non-opposition. The district court granted Costello's motion for summary judgment and thereafter awarded Costello attorney fees and costs. On appeal, appellants argue that (1) the district court erred in granting Costello's motion for summary judgment because their judgment lien claim was not barred by issue preclusion, and (2) the district court abused its discretion in awarding Costello attorney fees and costs because their defense was not brought or maintained without reasonable ground.

Having considered the parties' arguments and the record, we conclude that summary judgment in favor of Costello was improper. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Specifically, we conclude that appellants' judgment lien claim was not barred by issue preclusion because it was not necessarily litigated in the prior probate proceeding. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008) (providing that issue preclusion requires, in part, "that the issue was actually and necessarily litigated" in

the prior proceeding); *see also Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 262, 321 P.3d 912, 918 (2014) ("Whether the issue was necessarily litigated turns on whether the common issue was . . . *necessary to the judgment in the earlier suit.*" (alteration in original) (internal quotation marks omitted)). Although the district court's order setting aside Goedert's estate without administration recognized appellants' judgment lien against Goedert, it declined to adjudicate the validity of the lien on the subject property because it had determined that appellants were not entitled to any distribution from the estate under NRS 146.070. As such, we conclude that appellants' judgment lien claim was not barred by issue preclusion and there remains genuine issues of material fact regarding the validity of the lien on the subject property. Thus, we reverse the district court's order granting summary judgment in favor of Costello.[2]

We further conclude that the district court abused its discretion in granting Costello attorney fees and costs by finding that appellant's judgment lien claim was brought and maintained without reasonable

---

[2]We also reject Costello's argument that appellants waived their judgment lien claim by failing to oppose her motion for summary judgment. *See Basic Refractories, Inc. v. Bright*, 71 Nev. 248, 253, 286 P.2d 747, 749 (1955). Specifically, the district court's order denying appellants' motion to dismiss (1) categorically rejected appellants' judgment lien claim as being barred by issue preclusion, and (2) indicated that appellants would be subject to additional sanctions for further opposing Costello's quiet title action. Thus, we conclude that appellants did not voluntarily acquiesce in the validity of the district court's order or otherwise take a position that is inconsistent with the right to appeal by deciding not to oppose Costello's summary judgment motion. *Id.*

ground under NRS 18.010.[3] *See Bobby Berosini, Ltd. v. PETA*, 114 Nev. 1348, 1352-54, 971 P.2d 383, 385-86 (1998) (providing that a district court's award of attorney fees and costs is reviewed for an abuse of discretion); *see also Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 494-95, 215 P.3d 709, 726 (2009) ("Notably, if we reverse the underlying decision of the district court that made the recipient of the costs the prevailing party, we will also reverse the costs award."); *Kahn v. Morse & Mowbray*, 121 Nev. 464, 479, 117 P.3d 227, 238 (2005) (holding that district court's award of attorney fees against appellant pursuant to NRS 18.010 was premature and an abuse of discretion because appellant's claims were not barred by issue preclusion). Thus, we reverse the district court's grant of attorney fees and costs to Costello.

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

---

[3]NRS 18.010(2)(b) permits a court to award attorney fees when a "claim . . . or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party."

cc: Hon. James E. Wilson, District Judge
David Wasick, Settlement Judge
Michael C. Lehners
Oshinski & Forsberg, Ltd.
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

5